

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2000

# United States v. Thomas

Precedential or Non-Precedential:

Docket 98-3460

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v. Thomas" (2000). *2000 Decisions.* Paper 158.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/158

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed August 1, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-3460

UNITED STATES OF AMERICA,

      Appellee

v.

LEROY THOMAS,
a/k/a Sheeba

Leroy Thomas,

      Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

D.C. Crim. No.: 95-cr-00068-3
District Judge: Honorable William L. Standish

Argued: April 26, 2000

Before: BECKER, Chief Judge, BARRY,
and BRIGHT,* Circuit Judges

(Opinion Filed: August 1, 2000)

_____

* The Honorable Myron H. Bright, United States Circuit Judge for the
Eighth Circuit, sitting by designation.

        David R. Fine, Esq. (Argued)
        Robert L. Byer, Esq.
        James T. Tallman, Esq.
        Kirkpatrick & Lockhart, L.L.P.
        1500 Oliver Building
        Pittsburgh, Pennsylvania 15222

         Attorneys for Appellant

        Bonnie R. Schleuter (Argued)
        Assistant United States Attorney
        United States Attorney's Office
        Western District of Pennsylvania
        633 U.S. Post Office and Courthouse
        Pittsburgh, Pennsylvania 15219

         Attorney for Appellee

OPINION OF THE COURT

BARRY, Circuit Judge:

This appeal requires us to decide whether the relation back of amendments provision of Rule 15 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") is consistent with 28 U.S.C. S 2255 and the rules governing S 2255 proceedings, such that an amendment to a timelyfiled S 2255 petition may relate back to the date of the petition after the expiration of the one-year period of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We hold that it can. Under Fed. R. Civ. P. 15(c), an amendment which, by way of additional facts, clarifies or amplifies a claim or theory in the petition may, in the District Court's discretion, relate back to the date of that petition if and only if the petition was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case. Accordingly, we will vacate the District Court's summary dismissal of Thomas's petition and will remand for the Court to determine whether petitioner's proposed amendment does or does not relate back to the date of his petition.

2

I.

The facts underlying this appeal are simply stated. In 1995, a jury in the Western District of Pennsylvania found petitioner Leroy Thomas ("Thomas") guilty of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. S 846. Thomas was sentenced to 135 months in prison to be followed by five years of supervised release. He appealed, and we affirmed his conviction and sentence. The Supreme Court denied Thomas's petition for a writ of certiorari on May 12, 1997.

Thomas, pro se, thereafter timely filed aS 2255 petition. The petition consisted of a standardized form provided by the Clerk of the Court for the Western District of Pennsylvania which directs petitioners to:

> (9) State concisely every ground on which you claim that you are being held unlawfully. CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date. You must allege facts in support of the ground or grounds which you choose. A mere statement of grounds without facts will be rejected.
>
> (a) Grounds
>
> (b) Supporting FACTS (Tell your story briefly without citing cases or law).

App. at 8 (emphasis in original). Thomas completed the form and, in response to item 9(a), outlined a veritable laundry list of grounds in a two-page attachment. 1 In

_____

1. Thomas listed twenty-six separate grounds, but misnumbered two, resulting in an undercount such that there appear to be only twenty-four. Accordingly, in quoting the grounds in full below, we have labeled the erroneously double-counted issues as 8[A], 8[B], 14[A] and 14[B]:

> Issue Number 1: Defense counsel was ineffective in failing to argue that the sentence and conviction were fruit from a poisonous tree and is[,] therefore[,] in violation of the Fourth Amendment of the Constitution.
>
> Issue Number 2: Counsel was ineffective in failing to argue that the indictment was illegal because it was fruit from a poisonous tree.
>
> Issue Number 3: Defense counsel was ineffective in failing to move for dismissal of the indictment because it was not brought about within 30 days from my arrest.

response to item 9(b), soliciting supporting facts, Thomas wrote: "facts will be presented in a separate memorandum

_____

Issue Number 4: Defense counsel was ineffective in failing to file a motion to dismiss the indictment where it was not signed by the foreperson of the grand jury and where it was not properly sealed.

Issue Number 5: Defense counsel was ineffective where he failed to request a mistrial when the prosecution promised to call witness but failed to subsequently call such witness.

Issue Number 6: Defense counsel was ineffective in failing to call defense witnesses after he promised petitioner that he would.

Issue Number 7: Defense counsel was ineffective in failing to advise[ ] petitioner that it was his right to decide whether to testify in his defense.

Issue Number 8[A]: The Government violated the Jencks and Brady Act by failing to turn over certain statements of its witness[es] after [they] testified.

Issue Number 8[B]: The prosecution committed serious misconduct by misrepresenting and defrauding the court and defense.

Issue Number 9: The government committed prosecutorial misconduct in the closing argument.

Issue Number 10: Defense counsel was ineffective in failing to argue before the court that the sole government [witness] before the grand jury committed perjury which was material to the matter at hand.

Issue Number 11: The prosecution committed misconduct at trial by presenting perjur[ed] testimonies of its witnesses:

1. Troy Saunders

2. Benjamin Day

3. Larry Humphries

4. Edward Shied

Issue Number 12: Defense counsel was ineffective in failing to

[object to] the introduction of the guns allegedly found in apartment
next door to petitioner.

Issue Number 13: The prosecution committed misconduct by advising defense counsel that it will not be introducing guns into trial and then by turning around and introducing the same weapons into evidence.

Issue Number 14[A]: The prosecution violated Rule 16 of the Discovery Rule by failing to advise the defense of the evidence it intended to introduce as its case-in-chief at trial.

of law in support of petition." On May 6, 1998, one day after mailing his S 2255 petition and six days prior to the expiration of the AEDPA's one-year period of limitations, Thomas filed a "Motion to Hold 2255 Petition in Abeyance until Petitioner Submits Memorandum of Law in Support of the Petition," which he represented would be submitted within sixty to ninety days. He argued that he needed additional time because the "issues are complicated, requiring an extensive review" of the record and because his time was limited due to a prison work assignment.

_____

Issue Number 14[B]: Defense counsel was ineffective in failing to interview the prosecution witnesses before trial.

Issue Number 15: Defense counsel was ineffective in failing to interview defense witnesses.

Issue Number 16: The government failed to prove that the substance allegedly involved in the offense was crack as defined in the sentencing guidelines.

Issue Number 17: Defense counsel was ineffective in failing to appeal order denying probable cause motion.

Issue Number 18: Defense counsel was ineffective in failing to appeal the court's order denying petitioner's motion to dismiss indictment based on perjured testimony.

Issue Number 19: Defense counsel was ineffective in failing to argue on appeal that the evidence was insufficient as a matter of law.

Issue Number 20: Petitioner's sentence and conviction is in violation of double jeopardy and the due process clause of the Constitution of the United States.

Issue Number 21: The government violated Brady by failing to disclose to the defense that it had made deals with its witnesses.

Issue Number 22: Defense counsel was ineffective in failing to object to the variance between the evidence presented to the grand jury and the evidence presented at trial.

Issue Number 23: Defense counsel was ineffective in not objecting to the Government's witnesses's in-court identification of petitioner.

Issue Number 24: Defense counsel was ineffective in failing to

impeach the prosecution's witnesses with their prior inconsistent testimonies and statements.

5

The government, in its response to the motion, contended that Thomas's request for extra time and permission to file a memorandum of law constituted an impermissible end-run around the AEDPA's one-year period of limitations. It maintained, as well, that the grounds set forth in Thomas's petition were vague, conclusory, and lacking in factual support and, therefore, were insufficient to entitle him to any relief whatsoever. The District Court agreed, and on June 29, 1998 denied Thomas's request to file his proposed memorandum because it would constitute an amendment beyond the AEDPA's period of limitations and dismissed the petition on the ground that it failed to set forth a cause of action as required by Rule 2 of the Federal Rules Governing S 2255 Proceedings. The Court stated:

> Defendant has attached a two-page statement setting forth 24 issues which he alleges to be the grounds for his motion. The statement of these issues, however, is entirely conclusory and details none of the supporting facts. As to the supporting facts, defendant alleges "facts will be presented in a separate Memorandum of Law in support of petition[.]" Were defendant to file a memorandum setting forth the facts supporting his grounds for the motion at the present time, or in the future, the memorandum would, in effect, amend defendant's motion in a material respect after the expiration of the one-year limitation period provided by Section 2255.

Memorandum Order at 2-3.

Thomas filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59, asserting that under Rule 15(c)'s provision allowing the relation back of amendments, the District Court should have permitted him to amend his petition with a memorandum of law based on the same "conduct, transaction, or occurrence as alleged in the original complaint." The Court denied Thomas's motion for reconsideration and subsequently denied his request for a certificate of appealability.

On September 17, 1999, this Court granted a certificate of appealability as to the following issues: (1) whether the District Court erred in determining that it lacked the

6

discretion to accept petitioner's memorandum of law because it would be filed out of time; and (2) whether Rule 15 is inconsistent with 28 U.S.C. S 2255 and with the rules governing S 2255 and is, therefore, inapplicable to S 2255 petitions. We also appointed counsel ("CJA Counsel") to represent petitioner, and they have ably done so both in their briefs and at oral argument. Simultaneously with the filing of their opening brief, CJA counsel moved to expand the scope of the certificate of appealability to include consideration of the factual sufficiency of Thomas's petition. This Court granted the request, including in the certification: (1) whether the original S 2255 petition included sufficient facts to avoid summary dismissal; and (2) whether, in light of the strict one-year time limit imposed by the AEDPA, district courts confronted with S 2255 petitions which the courts deem to include too few facts should allow additional filings only for the purpose of clarifying and recording factual detail.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. SS 2255 and 1331. We have jurisdiction under 28 U.S.C. S 1291. Typically, we would review a District Court's order denying a motion to amend for abuse of discretion. See United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999), cert. denied, 120 S.Ct. 163 (1999). Here, however, the District Court did not exercise its discretion in denying the amendment but, rather, apparently believed that it did not have the authority to apply Rule 15 to a S 2255 petition. The question of whether Rule 15 applies to S 2255 petitions implicates the interpretation and application of legal precepts; therefore, our standard of review is plenary. See Cooney v. Fulcumer, 886 F.2d 41, 43 (3d Cir. 1989). We also exercise plenary review over the legal conclusions which prompted the District Court to summarily dismiss Thomas's petition. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000).

## A.

The Federal Rules of Civil Procedure apply to habeas corpus proceedings "to the extent that the practice in such

proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(2). In addition, the rules governing S 2255 proceedings provide that:

> If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motionsfiled under these rules.

Fed. R. S 2255 Proceedings 12 (emphasis added). Neither 28 U.S.C. S 2255 nor the rules governing S 2255 proceedings explicitly proscribes the relation back of amendments. Rather, the statute and governing rules are silent.

The procedures applied to habeas petitions filed after April 24, 1996, the effective date of the AEDPA, and, indeed, the very raison d'etre of the AEDPA itself do, however, present a potential inconsistency with the language and spirit of Rule 15(c). On the one hand, district courts maintain a liberal policy in non-habeas civil proceedings of allowing amendments to correct a defective pleading or to amplify an insufficiently stated claim and relating those amendments back to the date of the original filing when the amendments might otherwise have been barred by the applicable statute of limitations. On the other hand, Congress clearly intended to limit collateral attacks upon judgments obtained in federal criminal cases, an intent evidenced by the AEDPA's limitations period for filing petitions of one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. S 2255; see generally United States v. Miller, 197 F.3d 644, 651 (3d Cir. 1999). The government posits that the tension between Rule 15(c) and the AEDPA requires us to hold that Rule 15(c) cannot apply to habeas proceedings in the same manner in which it applies to other civil proceedings. We disagree.

In United States v. Duffus, 174 F.3d 333 (3d Cir. 1999), cert. denied, 120 S. Ct. 163 (1999), this Court addressed the apparent inconsistency between Rule 15(a) and the

AEDPA. There, Duffus, proceeding pro se,filed a S 2255 petition seeking relief from his federal conviction and sentence for various offenses, including conspiracy to distribute cocaine, RICO and money laundering. The petition was deemed timely because Duffus had filed it within the one-year grace period afforded petitioners after the AEDPA's effective date. In the petition, Duffus asserted that his attorney had been ineffective in failing to contend on appeal that the evidence against Duffus was insufficient to convict him of money laundering and in failing to object to the District Court's use of the sentencing guidelines in effect at the time of sentencing as opposed to those in effect at the time Duffus allegedly withdrew from the conspiracy. In addition, Duffus asserted that at sentencing the District Court had miscalculated the quantity of drugs attributable to him.

More than six months after filing his petition, and after the one year grace period accorded petitioners after AEDPA's effective date of April 24, 1996 had run, Duffus moved to amend the petition to add another ineffective assistance of counsel claim, this one arising from his attorney's alleged failure to move to suppress drug evidence. Adopting the Magistrate Judge's Report and Recommendation, the District Court denied Duffus's motion to amend because of Duffus's delay in presenting that claim and dismissed the petition without an evidentiary hearing. The District Court had earlier allowed Duffus thirty to sixty days to supplement his petition, but Duffus waited six months before seeking leave to amend. Additionally, he had had the benefit of the six years since his conviction, the one-year grace period following the enactment of the AEDPA, and the six months since the filing of his petition. "There was nothing in [Duffus's] motion to amend," found the Court, "that could not have been included in the original motion." Id. at 336.

On appeal, this Court noted that under Rule 15(a), a petitioner may amend his or her pleading once as a matter of course at any time before a responsive pleading is served.2

_____

2. Rule 15(a) states in relevant part:

9

The government, however, had already filed a responsive pleading in Duffus's case. Therefore, Duffus could only amend his pleading "by leave of court which leave shall be freely given when justice so requires." Id . at 337 (quoting Fed. R. Civ. P. 15(a)). We stated that leave to amend should be freely granted unless there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment or futility of amendment." Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Moreover, we noted that "ordinarily delay alone is not a basis to deny a motion to amend." Duffus, 174 F.3d at 337. Nevertheless, we affirmed the District Court's denial of Duffus's motion to amend in light of the "special situation" created by the AEDPA's one-year period of limitations with its recognized grace period. Had the District Court granted Duffus's motion to add a new claim, we reasoned, it would have "frustrated the intent of Congress that claims under 28 U.S.C. S 2255 be advanced within one year after a judgment of conviction becomes final[.]" Id.

Duffus stated, however, albeit in dictum , that in certain circumstances, a district court could allow an amendment to a S 2255 petition after the expiration of the one-year period of limitations. Specifically, we noted that, while it would frustrate the intent of Congress to allow Duffus to amend his petition by adding a "completely new" ground for relief after the one-year period of limitations had run, "[c]ertainly the court could have permitted an amendment

_____

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. Rule 15(a).

to clarify a claim initially made." Id. (emphasis added). "[W]hile Duffus asserted in his initial motion that his attorney had been ineffective, the particular claim with respect to failing to move to suppress evidence was completely new. Thus, the amendment could not be deemed timely under the `relation back' provisions of Fed. R. Civ. P. 15(c)." Id. The facts of this case cause us to go where Duffus did not have to go and to determine whether Duffus's dictum regarding the applicability of Rule 15(c) to a S 2255 petition should become the law of this Circuit.

The purpose of Rule 15 "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. This is demonstrated by the emphasis Rule 15 places on the permissive approach that the district courts are to take to amendment requests, no matter what their character may be[.]" 6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure S 1471 (2d ed. 1990)(2000 Supp.) (footnotes omitted) (hereinafter "Fed. Prac. & Proc."). In the context of non-habeas civil proceedings, a party may not allege an entirely new claim by amendment after the expiration of the statute of limitations. A party may, however, attempt to raise and to relate back a new claim which would otherwise have been barred by the statute of limitations as long as the claim "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed. R. Civ. P. 15(c)(2).3  The one-year period of limitations contained in the AEDPA is a statute of limitations like any other statute of limitations in a civil proceeding. See Kapral v. United States, 166 F.3d 565, 567

_____

3. Rule 15(c) provides in relevant part:

    (c) Relation Back of Amendments. An amendment of a  pleading
    relates back to the date of the original pleading when

     (1) relation back is permitted by the law that  provides the statute
    of limitations applicable to the action, or

     (2) the claim or defense asserted in the amend ed pleading arose
    out of the conduct, transaction, or occurrence set  forth or attempted
    to be set forth in the original pleading[.]

Fed. R. Civ. P. Rule 15(c).

11

(3d Cir. 1999). And Duffus teaches that, as in non-habeas civil proceedings, a party cannot amend a S 2255 petition to add a completely new claim after the statute of limitations has expired. Here, we are dealing with yet another type of amendment: one which, if we take Thomas at his word, merely seeks to correct a pleading deficiency by expanding the facts but not the claims alleged in the petition.4 An amendment for that purpose would clearly fall within Rule 15(c). See 6 Fed. Prac. & Proc.S 1474.

A S 2255 petition provides a federal prisoner the opportunity to seek one full collateral review of his or her conviction and sentence. While we certainly do not suggest that a prisoner can willy nilly file papers at his or her whim, to eliminate or to compromise what will likely be a prisoner's only opportunity to collaterally challenge a sentence by refusing to even consider whether a proposed amendment relates back to his or her petition would be to elevate procedural rules over substance. Thus, we hold that Rule 15(c)(2) applies to S 2255 petitions insofar as a District Court may, in its discretion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed and the petitioner does

_____

4. Although we do not know precisely what Thomas would have set forth in the memorandum he sought to submit, it is probably fair to say, as he said, that he intended to amplify his twenty-six grounds with additional facts. See App. at 8 ("facts will be presented in a separate memorandum of law in support of petition"). Because he has not declared an intention to raise a new claim, we need not reach the issue of whether a new claim would be proscribed if that claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Rule 15(c)(2). We note, however, that at least two other circuits have applied Rule 15(c)(2)'s "conduct, transaction, or occurrence" test to cases in which S 2255 petitioners sought to add new claims to their original petitions after the expiration of the statute of limitations. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000)(applying Rule 15(c)(2) and affirming denial of permission to amend because proposed amendment arose from separate occurrence); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)(applying Rule 15(c)(2) and affirming denial of permission to amend because proposed claim was "distinctly separate" from claims already pled).

12

not seek to add an entirely new claim or new theory of relief.

The District Court's denial of Thomas's request tofile a memorandum of law and its dismissal of his petition pre-dated our ruling in Duffus. We assume that the District Court, without Duffus's guidance, was operating under the erroneous impression that it did not have the authority under Rule 15 to allow an amendment to a habeas petition. As a result, the Court did not seek to determine whether Thomas would have advanced a new claim or new theory or whether he was merely seeking to add meat to the bare bones of the numerous grounds he listed in his petition.

In any event, post-Duffus, it is clear that a District Court does have the authority under Rule 15(a) to consider a motion to amend a habeas petition and, post-Thomas, to consider whether the proposed amendment relates back to the filing date of the petition after the expiration of the statute of limitations. Whether Thomas's proposed amendment should be permitted to relate back to the date of his petition is a question for the District Court to consider on remand.5

B.

Prior to oral argument, this Court enlarged the scope of the certificate of appealability to include the issue of whether Thomas's S 2255 petition pled sufficient facts to avoid summary dismissal.6 This is a question of some

_____

5. The government argues that remand would be futile because it is inevitable that the District Court will deny Thomas permission to amend. This argument is based on the government's assumption that Thomas's stated reason for the amendment -- the need for more time -- is inadequate because he had sufficient time to familiarize himself with the facts of his own case. We express no opinion on the adequacy or inadequacy of Thomas's reason for requesting an extension of time, but we disagree that the District Court need not address the issue.

6. CJA Counsel argue that the form distributed to habeas petitioners by the Clerk of the Court for the Western District of Pennsylvania should be changed. Counsels' point is well-taken. The form instructs petitioners to "[s]tate concisely every ground," to "allege facts in support of the ground

13

significance because were we to find that none of the
grounds alleged in the petition would entitle Thomas to
relief, the petition would be subject to summary dismissal.
See Fed. R. S 2255 Proceedings 4(b). 7 Indeed, we have
previously held that vague and conclusory allegations

_____

or grounds," and to "[t]ell your story briefly". App. at 8 (emphasis in
original). These directives, which emphasize brevity, may well place a
petitioner in a "Catch-22" situation, wherein he or she may strive to
meet that requirement at the risk of summary dismissal for failure to
plead sufficient grounds or facts. Moreover, this form resembles the
Model form contained in the habeas rules, a form which has not been
changed since 1982. Prior to the AEDPA, a petitioner whose factual
allegations were too brief had the opportunity to come back in without
bumping up against a statute of limitations. Accordingly, we recommend
that the district courts amend their forms in the following ways. First,
the form might encourage petitioners to specifically plead facts
sufficient
to support their claims. Second, the form might warn petitioners that,
due to the AEDPA's period of limitations, they may not have the
opportunity to amend their petitions at a later date. Further, the form
could perhaps instruct petitioners that while an amendment to clarify or
to offer further factual support may be permitted at the discretion of the
District Court, an amendment which seeks to introduce a new claim or
a new theory into the case will not be permitted after the statute of
limitations has expired.

These types of amendments to the standard habeas forms would be in
keeping with this Court's recognition in United States v. Miller, 192 F.3d
644, 649 (3d Cir. 1999), that the AEDPA has "dramatically altered" the
nature of federal habeas proceedings. They would also be in keeping with
the prophylactic rule announced in Miller, see id. at 646, which was
aimed both at promoting judicial efficiency in these proceedings, and
insuring that federal habeas petitioners fairly have their one chance to
obtain collateral relief, see id. at 651.

7. Rule 4(b) states, in relevant part:

    The motion, together with all the files, records, transcripts, and
    correspondence relating to the judgment under attack, shall be
    examined promptly by the judge to whom it is assigned. If it
plainly
    appears from the face of the motion and any annexed exhibits and
    the prior proceedings in the case that the movant is not entitled
to
    relief in the district court, the judge shall make an order for its
    summary dismissal[.]

Fed. R. S 2255 Proceedings 4(b).

14

contained in a S 2255 petition may be disposed of without further investigation by the District Court. See United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988). Were all of Thomas's claims vague or conclusory, it could well be argued that any later filing would, in effect, constitute an attempt to add a new claim or theory, an addition which Duffus would prohibit.

The District Court held that Thomas's petition was legally insufficient because Thomas failed to set forth facts supporting the grounds alleged. We certainly agree that more than a few of Thomas's twenty-six grounds appear to be quite conclusory and too vague to warrant further investigation. See, e.g., Issues Five, Fourteen and Fifteen (claims involving the alleged failure to interview and to call certain witnesses, with no potential witnesses identified). Some of the grounds, however, do allege sufficient supporting facts. See, e.g., Issues Three (claim that indictment was not brought within 30 days of arrest), Four (claim that indictment was not properly signed and sealed), Seven (claim that defense counsel failed to advise Thomas of his right to testify) and Eleven (claim that several prosecution witnesses committed perjury and naming the specific witnesses). Needless to say, the District Court may well find that at least some of the claims which do allege sufficient facts are, nevertheless, frivolous. Certain claims, however, such as the claim that defense counsel failed to advise petitioner that he had the right to testify in his own defense, at least on their face present substantial issues upon which the District Court could have proceeded.

We hold, therefore, that the District Court erred in summarily dismissing the petition in its entirety. Rather, the District Court should have taken the less drastic approach of paring down the extraordinarily lengthy list of grounds and proceeding on those -- perhaps only a few in number -- which did allege sufficient facts. And, of course, had the District Court granted Thomas's application to file the memorandum in which he promised to present additional facts, that list, and the facts supporting that list, may well have changed.

15

III.

For the foregoing reasons, we hold that under Fed. R. Civ. P. 15(c), a District Court may, in its discretion, permit an amendment which clarifies or amplifies a claim or theory in a timely filed S 2255 petition after the AEDPA's one-year period of limitations has expired. Because the District Court erred in summarily dismissing the petition and in failing to consider whether Thomas's proposed amendment, which we trust he will submit forthwith, relates back to the date of the petition, we will vacate and remand for proceedings in accordance with this opinion.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit