

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2006

# Pickard v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2234

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Pickard v. USA" (2006). *2006 Decisions.* Paper 1444.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1444

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  04-2234

RONALD DE ALTIER PICKARD,
                                        Appellant

v.

UNITED STATES OF AMERICA

On Appeal from the District Court of the Virgin Islands
Division of St. Croix
D.C. Civil Action No. 02-cv-00174
(District Judge: Honorable Raymond L. Finch)

Argued December 5, 2005

Before:  SCIRICA, *Chief Judge*, McKEE and NYGAARD, *Circuit Judges*

(Filed: March 14, 2006)

CHERYL J. STURM, ESQUIRE (ARGUED)
387 Ring Road
Chadds Ford, Pennsylvania 19317
        Attorney for Appellant

ST. CLAIR THEODORE, ESQUIRE (ARGUED)
Office of United States Attorney
1108 King Street, Suite 201
Christiansted, St. Croix
U.S. Virgin Islands 00820
        Attorney for Appellee

---
OPINION OF THE COURT
---

SCIRICA, *Chief Judge*.

Petitioner Ronald De Altier Pickard appeals the dismissal of his 28 U.S.C. § 2255

motion to vacate, set aside or correct his sentence. He also appeals the denial of his 28

U.S.C. § 455 recusal motion. We have jurisdiction to review the District Court's orders

under 28 U.S.C. § 1291 and 28 U.S.C. § 2253. We will affirm.

I.

Because we write for the parties, an abbreviated recitation of the facts will suffice.

After a jury trial, Pickard was convicted and sentenced for violations of 18 U.S.C. § 242

(deprivation of rights under color of law), 18 U.S.C. § 924(c) (use of a firearm during a

crime of violence), 14 V.I.C. § 703(1) (oppression), and 14 V.I.C. § 297(2) (assault in the

third degree). Pickard filed a timely notice of appeal, which we denied. Pickard's

petition for a writ of certiorari was denied on October 15, 2002.

On November 24, 2002, Pickard filed this motion under 28 U.S.C. § 2255 in the

District Court of the Virgin Islands seeking to set aside his sentence on several grounds,

including alleged ineffective assistance of counsel and *Brady* violations.[1] In an order

written by Judge Raymond Finch and dated April 5, 2004, the District Court denied

---

[1] Pickard asserted several other challenges to his conviction, all of which the District Court rejected. Because Pickard fails to raise these issues on appeal, we deem them waived.

Pickard's motion. The court first concluded the prosecution committed no *Brady* errors at

Pickard's trial. As a consequence, Pickard's trial counsel, George Cannon (now a

Magistrate Judge), "provided constitutionally adequate assistance" in deciding not to raise

*Brady* issues on appeal. The court found "counsel performed with a great deal of

competence, secured the dismissal of numerous counts, and made timely and cogent

objections."

On June 1, 2004, Pickard moved to vacate the District Court's April 5, 2004 order

and requested that Judge Finch recuse himself under 28 U.S.C. § 455. Pickard alleged

that in January 2004, the two district judges in the District Court of the Virgin Islands,

Judge Moore and Judge Finch, had selected Cannon to fill one of the district's two

Magistrate Judge positions. Cannon was sworn in on April 12, 2004.

In an order dated May 4, 2004, Judge Finch denied Pickard's motion for recusal.

He determined Pickard's motion was "wholly lacking in merit" and recognized "no basis"

upon which to vacate his April 5, 2004 order denying Pickard's § 2255 motion.

## II.

Our review of the District Court's denial of Pickard's recusal motion is for abuse

of discretion. *See Blanche Road Corp. v. Bensalem Twp.*, 57 F.3d 253, 265 (3d Cir.

1995). Under § 455, a judge is required to recuse himself if his impartiality "might

reasonably be questioned." 28 U.S.C. § 455. Section 455 "mandates an objective rather

than a subjective inquiry," so that an "appearance of partiality" alone suffices to require

3

recusal.[2] *United States v. Antar*, 53 F.3d 568, 574–76 (3d Cir. 1995); *see United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994). Under this standard, a judge must disqualify himself if "an objective observer reasonably might question the judge's impartiality." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997).

In this case, there is no evidence that Judge Finch had a personal or special interest in Magistrate Judge Cannon's appointment that would raise questions about his partiality. Magistrate Judge Cannon was one of five candidates recommended to Judges Finch and Moore by a Merit Selection Committee consisting of attorneys and community members. The Merit Selection Committee was charged with the task of reviewing the applications for Magistrate Judge and narrowing and recommending candidates. Judge Moore and Judge Finch chose between the five recommended applicants. Pickard has presented no evidence that Judge Finch had a particular interest in protecting Cannon's reputation. His assertions of bias are speculative. Under these circumstances, Judge Finch did not abuse his discretion by denying Pickard's § 455 motion.

---

[2]The government argues an appearance of partiality alone does not trigger a judge's duty to recuse. But the government mistakenly relies on due process cases to support this proposition. *See Johnson v. Carroll*, 369 F.3d 253, 258–63 (3d Cir. 2004). Section 455 imposes a broader duty to recuse than does the Due Process Clause. *See id.* (declining to borrow the "appearance of partiality" standard from the § 455 context in a due process challenge to a trial judge's decision not to recuse).

III.

Pickard also directly challenges the District Court's April 5, 2004 order denying

his § 2255 motion. In his motion, Pickard contended the government committed *Brad*y

errors by suppressing testimonial and documentary evidence, including the personnel

records of Detective Laurie Hodge and Special Agent Roberto Enriquez and a statement

made by Anna Jacobs to the Bureau of Internal Affairs.[3] Additionally, Pickard asserted

his trial counsel was ineffective for failing to introduce exculpatory evidence and for

neglecting to raise the above-mentioned *Brady* issues on direct review.

The District Court dismissed Pickard's § 2255 motion, holding the prosecution

committed no *Brady* errors at trial and Pickard's trial counsel was not ineffective. We

exercise "plenary review over the legal conclusions which prompted the District Court to

summarily dismiss [Pickard's] petition." *United States v. Thomas*, 221 F.3d 430, 434 (3d

Cir. 2000).

A.      *Brady* Claims

In *Brady v. Maryland*, the Supreme Court held due process requires the

prosecution to disclose evidence "material to either guilt or to punishment." 373 U.S. 83,

87 (1963). The prosecution's duty under *Brady* arises whether or not the defendant

---

[3]Pickard also asserted the prosecution committed *Brady* error by failing to disclose a statement he made to Officer Joshua Williams. Because Pickard fails to raise the alleged suppression of this evidence on appeal, we deem the issue waived. But, were we to reach the issue, we would hold the prosecution need not have disclosed Pickard's statement, which presumably he would have used to bolster his own testimony, because it was inadmissible hearsay. *See* Fed. R. Evid. 801(d)(2), 804(b)(3).

requests the evidence. *United States v. Agures*, 427 U.S. 97, 107–11 (1976). To prevail on a *Brady* claim, the defendant must prove the evidence was (1) suppressed, (2) favorable, and (3) material to the defense. *Riley v. Taylor*, 277 F.3d 261, 301 (3d Cir. 2001). Evidence is material if its suppression "undermines confidence in the outcome of the trial." *United States v. Bagly*, 473 U.S. 667, 678 (1985). "Evidence that may be used to impeach may qualify as *Brady* material." *Riley*, 277 F.3d at 301.

On appeal, Pickard challenges the prosecution's failure to produce the records of Detective Hodge and Agent Enriquez. But Pickard does not explain the value of these records to his defense. Pickard's *Brady* claim is based on pure speculation of the materiality of this purported evidence. *Id.* at 301–02.

Pickard also asserts the prosecutor failed to disclose a statement made by Anna Jacobs to the Bureau of Internal Affairs shortly after the incident leading to Pickard's arrest. Pickard contends Anna Jacobs's statement was relevant to impeach the testimony of the victim and prosecution witness, Christopher Jacobs. According to Pickard, Christopher Jacobs, a minor, testified at trial that he was the victim of abuse on the part of Pickard and another officer, Reynaldo Philbert. However, Pickard contends Anna Jacobs, Christopher Jacobs's sister, told the police in her statement to the Bureau that Pickard and a different officer, Dean Bates, participated in the abuse. We have examined Anna Jacobs's statement. Her statement simply states that a man with a gun participated in Christopher Jacobs's abuse along with Pickard.

6

There was no *Brady* error because the evidence was neither "favorable" to Pickard nor "material" to his defense. Christopher Jacobs testified Pickard was present at the scene and acted abusively towards him. Pickard does not contend Anna Jacobs's statement conflicts with Christopher Jacobs's testimony on this point. The lack of this evidence does not "produce a reasonable probability that the result of the proceeding would have been different," and there was no *Brady* error. *See United States v. Pelullo*, 14 F.3d 881, 886–87 (3d Cir. 1994) (quotation omitted). The District Court properly dismissed Pickard's claims of *Brady* error.

B.       Ineffective Assistance of Counsel

Pickard alleged his trial counsel was ineffective for failing to introduce evidence to impeach Christopher Jacobs, including Anna Jacobs's statement to the Bureau. Additionally, Pickard asserted his counsel should have raised the above-cited *Brady* issues on direct appeal. The District Court found Pickard's trial attorney provided constitutionally effective assistance. On appeal, Pickard does not challenge the merits of this holding. Instead, he takes issue with the District Court's treatment of his ineffective assistance of counsel claim, asserting a hearing should have been held to resolve disputes of fact.[4]

---

[4]Pickard also contends, in dismissing his § 2255 motion without a hearing, the District Court incorrectly weighed evidence, determined credibility, and relied on the government's unsworn statements in reaching its decision. But Pickard fails to set forth or explain the instances in which the District Court is alleged to have committed these errors. Moreover, our own review of the District Court's April 5, 2004 order provides no

(continued...)

7

Generally, a district court must order an evidentiary hearing in a federal habeas case if a prisoner's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980). If a hearing is not held, the district judge must accept the movant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984).

The District Court correctly dismissed Pickard's § 2255 motion without a hearing. As we explained, Pickard's allegations, if accepted as true, did not provide a legally cognizable basis upon which to state a *Brady* claim. Even if there was evidence that Christopher Jacobs testified incorrectly regarding the identity of the other officer at the scene, this would not constitute a *Brady* error. Pickard's counsel was not ineffective for failing to assert such an error on direct review. Furthermore, considering the minimal value of this evidence, if any, Pickard's counsel did not provide "deficient" assistance by failing to present it at trial. These matters were properly decided by the District Court without a hearing.

IV.

---

[4](...continued)
indication of error.

We will affirm the District Court's orders entered April 7, 2004 and June 4, 2004.