

Villanova University School of Law
Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-10-2007

# USA v. Moon

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1841

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Moon" (2007). *2007 Decisions.* Paper 1336.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1336

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1841

UNITED STATES OF AMERICA

v.

RONALD J. MOON,

Appellant.

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal No. 00-cr-00028)
District Judge: Honorable Herbert J. Hutton

Argued on January 18, 2007

Before: SLOVITER, RENDELL, and CUDAHY,* Circuit Judges.

(Filed: April 10, 2007)

_____

* Honorable Richard D. Cudahy, Senior Judge of the United States Court of Appeals
for the Seventh Circuit, sitting by designation.

Raymond J. Rigat **[ARGUED]**
23 East Main Street
Clinton, CT   06413

*Counsel for Appellant*
*Ronald J. Moon*


Shari E. Lewis
Nancy E. Potts   **[ARGUED]**
Office of United States Attorney
615 Chestnut street
Philadelphia, PA   19106

*Counsel for Appellee*
*United States of America*

————————

OPINION OF THE COURT

————————


RENDELL, Circuit Judge.

Within one year of his federal bank robbery conviction becoming final, Ronald

Moon filed a *pro se* motion under 28 U.S.C. § 2255 in federal district court for the

Eastern District of Pennsylvania alleging ineffective assistance of counsel.  He included a

lengthy addendum (roughly 60 pages long), which included in its first twelve pages a

clear, typewritten description of the specific grounds for his four claims.  In the space on

the form for listing grounds for relief, Moon wrote "See Addendum."  Appx. 49-50.  The

District Court returned the forms to Moon, and entered an order stating that he had used

2

an out-dated form and instructed Moon to re-file on the new form within 30 days.  It also added parenthetically that Moon should do so by "setting forth his entire argument on the forms, without recourse to any attachments." Appx. 110.  The addendum remained in the District Court's possession.

Moon re-filed on the new forms without attaching the addendum outlining his claims as he had with his initial motion.  However, Moon did not set forth his claims on the form itself, but again wrote "See Addendum" in the space designated for his grounds for the motion.  The Court dismissed the motion, this time on the grounds that Moon "did not state anywhere what his grounds for § 2255 relief were, merely writing in the space provided for such purposes 'See Addendum,' although no addendum was attached." Appx. 120.  Thus, the motion was dismissed again, even though the addendum and the clearly stated grounds were already in the Court's possession.  The dismissal was without prejudice, and instructed Moon to re-file again.

Moon responded to the dismissal order in a letter to the Court dated December 18, 2002, asking how the Court could penalize him for the absence of the addendum when it was still in the Court's possession.  As part of that letter he submitted the addendum again and informed the Court that his "jailhouse lawyer" had spoken to someone in the clerk's office and been told that it was not necessary to re-file the addendum when he submitted his § 2255 motion on the updated form.  He asked that if the "Court wants me to re-submit both the motion and the addendum again, please advise the clerk to provide me with the current forms again so I can comply with the Court's direction."  Appx. 303,

3

325.  No response was received.

In May of 2003, Moon contacted the Clerk's Office to ask about his § 2255 motion.  He learned that the submissions he made to the District Court (the December 18, 2002, letter, and the addendum) were never docketed and that the case was considered closed.  On September 18, 2003, the District Court issued another order reiterating that the matter remained dismissed without prejudice.  Moon filed another § 2255 motion in October 2003 which the District Court dismissed as untimely because the one-year AEDPA filing deadline, January 15, 2003, had come and gone months before.  The Court also denied equitable tolling.  Our court issued a certificate of appealability on November 24, 2004, "because the District Court's denial of Appellant's § 2255 motion on procedural grounds based on the absence of extraordinary circumstances warranting equitable tolling is debatable and because his motion facially states a valid claim of the denial of a constitutional right."  Appx. 344.  On December 30, 2005, Moon moved to expand the scope of the certificate of appealability to include the issue of "[w]hether the District Court erred in denying Moon's motion to vacate based on procedural grounds, as Moon in fact filed his motion within the one-year statute of limitations established under AEDPA."  Petr.'s Mot. 2.  We will grant this motion.

Moon levels a variety of attacks on the dismissal of his motion, but only two are relevant to our disposition of the case.  He claims that the District Court should have accepted the motion when he first filed it, or when he filed it on the new form, even though he did not state his grounds on the form.  Both these motions were filed before the

4

AEDPA year elapsed, and clearly set forth his claims.[1]

Under Rule 2(c) of the Rules Governing Section 2255 Proceedings, § 2255 motions "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Rule 9.3 of the Local Civil Rules for the Eastern District of Pennsylvania states the following:

> (a) All petitions for writs of habeas corpus and all motions pursuant to 28 U.S.C. 2255 shall be filed on forms provided by the Court and shall contain the information called for by such forms. The required information shall be set [forth] concisely and legibly. Ordinarily, the court will consider only those matters which are set forth on the forms provided by the court. Any attempt to circumvent this requirement by purporting to incorporate by reference other documents which do not comply with this Rule may result in dismissal of the petition.
>
> (b) Any petition filed under 28 U.S.C. 2254 or motion filed under 28 U.S.C. 2255 which does not substantially comply with Rules 2 and 3 of the Rules governing petitions and motions filed under those sections may be returned by the Clerk of the Court to the petitioner, if a judge of the court so directs, together with a statement of the reason for its return. A copy of any petition or motion returned for failure to comply shall be retained by the Clerk.

---

[1]Moon appeals from the final order of the District Court in this case denying his October 2003 motion. As part of this appeal we will review the previous orders because his October 2003 motion made only technical changes to his previous pro se habeas motions and should be deemed to relate back to them. *See Mederos v. United States*, 218 F.3d 1252 (11th Cir. 2000); *see also United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000) (district court has authority to grant amendment after expiration of statute of limitations).

The form itself states: "If you need more room to answer any question, you may write on the reverse blank sides of the habeas corpus motion," Appx. 123, and "You may not attach additional pages to the habeas corpus motion." Appx. 124. But it also makes painfully clear in the very first instruction: "YOU MUST INCLUDE ALL POTENTIAL CLAIMS AND SUPPORTING FACTS FOR WHICH YOU MIGHT DESIRE TO SEEK REVIEW." Appx. 123.

We conclude that writing "See Addendum" and then attaching a legible, typewritten set of pages that describes the grounds for the motion "substantially follow[ed]" the Rules Governing § 2255 Proceedings and Local Rule 9.3. As the Government correctly argued before us, ours is a system of rules, and harsh consequences often follow from the failure to adhere closely to those rules. But ours is also a system of rules within which *pro se* litigants must be able to pursue their rights. *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to . . . . avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.") (citations omitted). This, plus two key aspects of this case, causes us to temper our otherwise strict approach to AEDPA filing requirements on the facts of this case.

First, the rules themselves governing filing procedures–specifically Rule 2(c) and Local Rule 9.3(b)–require "substantial" compliance, not perfect compliance. Rule 2(c)

6

directs that movants "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." As noted, the Local Rule requires substantial compliance and clearly envisions accepting some § 2255 motions where the grounds are not placed on the form itself. Local Rule 9.3(a) states that "*[o]rdinarily*, the court will consider only those matters which are set forth on the forms provided by the court. Any attempt to circumvent this requirement by purporting to incorporate by reference other documents which do not comply with this Rule *may* result in dismissal of the petition." Local Rule 9.3(a) (emphases added). Thus the rules plainly anticipate that there may be *some* situations such as this where the claims are considered when not confined to the form.

The second point is that the facts overwhelmingly show that Moon's reference to the addendum was not an attempt to "circumvent" or somehow play fast and loose with the filing requirements. Moon did not incorporate other documents by reference, but rather merely attached a detailed statement of his claims which arguably he could not have fit on the few lines afforded and which would have been waived if not included. The attachment was coherent and complete. This is not a case where the movant has burdened the Court or has improperly incorporated by reference a transcript or a brief from his direct appeal. Moon presented his reasons clearly and succinctly. Moreover, the addendum was in the District Court's possession when it received the filing on the new forms, so there was no reason to chastise Moon for not attaching it the second time. *Pro se* § 2255 motions are to be read liberally, a fact which does not seem to have been taken

7

into account. *Higgins v. Beyer*, 293 F.3d 683 (3d Cir. 2002). The additional steps required of Moon, when the grounds for the claim were plainly visible on the face of the addendum, unnecessarily penalized Moon and jeopardized the timeliness of Moon's § 2255 motion, for the one-year AEDPA deadline was only a few days after the Court entered its second order. We conclude that Moon's original filings "substantially follow[ed]" the § 2255 procedures and should have been deemed timely.

CONCLUSION

For the reasons set forth above, the first and second filings by Moon substantially followed the rules governing § 2255 proceedings, and accordingly his § 2255 motion was timely. We will REMAND to the District Court for a determination on the merits. In light of this we need not address Moon's other grounds for relief, including equitable tolling.