

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-20-2008

# USA v. Akiba Mercer

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1764

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Akiba Mercer" (2008). *2008 Decisions*. Paper 636.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/636

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-255                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1764
_____

UNITED STATES OF AMERICA

v.

AKIBA A. MERCER,
                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 04-cr-00135-001)
District Judge:  Honorable James F. McClure, Jr.

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
July 17, 2008
Before: AMBRO, FUENTES, and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 20, 2008)

_____

OPINION
_____

PER CURIAM

     Akiba A. Mercer, a Pennsylvania state prisoner proceeding pro se, appeals from the

District Court's order dismissing his motion under 28 U.S.C. § 2255 to vacate, set aside, or

correct his sentence.  For the following reasons, we will summarily vacate the District

Court's order and remand the matter to the District Court.

In 2005, a jury in the United States District Court for the Middle District of Pennsylvania found Mercer guilty of conspiracy to distribute cocaine and related offenses. The District Court subsequently sentenced Mercer to 52 months' imprisonment. This Court affirmed the sentence on direct appeal.

On November 15, 2007, Mercer filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In his motion and accompanying memorandum of law, Mercer alleged that his trial counsel had provided ineffective assistance by: (a) failing to move to suppress the evidence recovered from Mercer's apartment and failing to challenge its admission at trial; (b) failing to show that the prosecution had bribed its witnesses; (c) failing to "properly investigate any avenues of defense"; and (d) failing to contact any defense witnesses. Mercer also alleged that the prosecution had destroyed evidence, bribed witnesses by agreeing to overlook potential possession charges, and relied on tainted lab tests to convict him. Lastly, Mercer asserted a claim for "structural error," in which he essentially repeated the allegations of his ineffective assistance and prosecutorial misconduct claims.

On November 21, 2007, the District Court issued an order pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), directing Mercer to confirm that he wished to pursue relief by way of § 2255. In response, Mercer wrote a letter to the District Court indicating that he would not be filing the Notice of Election. As a result, the District Court

2

attempted to proceed with his motion as filed, but determined that it did not contain enough factual support to allow the government to respond. Therefore, prior to effecting service, the court directed Mercer to amend his motion to provide supporting facts. The court warned Mercer that failure to do so by January 5, 2008, might result in dismissal without any further investigation. Mercer did not amend his motion. As a result, by order entered January 14, 2008, the District Court summarily dismissed the motion without serving it on the government. The present appeal followed.[1]

Upon review, we find that the District Court abused its discretion in summarily dismissing Mercer's § 2255 motion for failure to plead sufficient facts. Rule 4(b) of the rules governing motions filed pursuant to § 2255 requires a district judge to summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Fed. R. § 2255 Proceedings 4(b). Although Rule 4(b) permits the district court to dispose of "vague and conclusory allegations" contained in a § 2255 motion without further investigation, United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988), here, Mercer set forth sufficient facts to avoid summary dismissal. While some of Mercer's grounds may be too vague and conclusory to

---

[1] We granted Marcer's request for a certificate of appealability on the issue of whether the District Court erred in summarily dismissing Appellant's § 2255 motion for failure to plead sufficient facts, and issued an order directing the government to show cause why the District Court's order should not be summarily vacated. We have considered the government's argument opposing a summary remand.

3

warrant further investigation—for instance, his claim that counsel was ineffective for failing to "properly investigate any avenues of defense"—other claims, such as the claim that counsel failed to move to suppress the drugs and failed to contact the owners of the building, present issues upon which the District Court could have proceeded. Furthermore, some of Mercer's other claims, such as the claim that the prosecution had bribed Yians and Hart, are not the type of claims that Mercer could realistically support at this stage of the proceedings; while Mercer may well fail to meet his burden of proof on these claims, he alleged sufficient facts to withstand summary dismissal.

Therefore, we believe that the District Court should consider anew the various grounds for relief, and dismiss only those grounds that are truly vague and conclusory. See Thomas, 221 F.3d at 437 (holding that the district court abused its discretion by summarily dismissing all 26 grounds in a § 2255 motion, where only certain claims were vague and conclusory). Accordingly, we will summarily vacate the District Court's dismissal order and remand the matter with instructions to the District Court to serve Escobar's motion as provided by Rule 4(b) of the rules governing motions filed pursuant to § 2255.