

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2008

# Johnson v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3930

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Johnson v. USA" (2008). *2008 Decisions.* Paper 411.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/411

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3930

ERIK JOHNSON,
                                        Appellant

v.

UNITED STATES OF AMERICA

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 05-cv-02507)
District Judge:  The Honorable William G. Bassler

Argued:  September 25, 2008

Before: BARRY, AMBRO and JORDAN, Circuit Judges

(Opinion Filed: October 6, 2008)

Lawrence C. Hersh, Esq. (Argued)
Suite 105
17 Sylvan Street
Rutherford, NJ 07070-0000

Counsel for Appellant

John F. Romano, Esq. (Argued)
George S. Leone, Esq.
Office of the United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102-0000

Counsel for Appellee

_____

OPINION

_____

BARRY, Circuit Judge

Following a jury trial at which he did not testify, Erik Johnson was convicted of two counts of drug trafficking and sentenced to life imprisonment.[1] We affirmed his conviction and sentence. *See United States v. Johnson*, 89 Fed. Appx. 781 (3d Cir. 2004). He subsequently filed a petition under 28 U.S.C. § 2255 claiming, among other things, that he was denied effective assistance of counsel because his trial counsel "did not advise [him] that he had the ultimate authority to decide whether to take the stand and testify." (A33.) According to Johnson, but for this error "[t]here is a reasonable probability that [he] would have taken the witness stand and directly rebutted each and every material fact presented through the perjured testimony of Ms. Latifa Shaheed and the other witnesses, whose 'credibility' was material to the jury verdict and [his]

---

[1] Specifically, Johnson was convicted of one count of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin and more than five kilograms of crack cocaine, in violation of 21 U.S.C. § 846, and one count of distributing and possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841.

2

sentence." (A50.) In opposing his petition, the government submitted the Affirmation of Johnson's trial counsel, which stated:

> I reviewed with Johnson his right to testify on his own behalf. I informed Johnson that . . . he could not be forced to testify at trial, but that, in the event he chose to do so, he had every right to take the stand and testify on his own behalf. I discussed several advantages and disadvantages of this potential strategy, and, after considering the matter, Johnson knowingly elected to refrain from testifying at trial.

(A162.) The District Court found Johnson's claim to be frivolous and denied the petition without a hearing, explaining, as relevant here, that, given the "lack of specificity" in the petition, "in combination with the Affirmation by counsel," the petition and records in the case showed conclusively that Johnson was not entitled to relief. (A10.)

Johnson filed a timely notice of appeal which we construed as a request for a certificate of appealability under 28 U.S.C. § 2253(c)(1). We granted the request, but only as to (1) whether the District Court erred in summarily denying without a hearing Johnson's claim that trial counsel rendered ineffective assistance by failing to advise him that he had the ultimate authority to decide whether to testify, and (2) whether he is entitled to relief on the merits of that claim. We review the denial of a § 2255 petition without a hearing for abuse of discretion. *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). A district court must "accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record," and it "is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" *United States v. Booth*, 432 F.3d

3

542, 545-46 (3d Cir. 2005) (citations omitted). "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *Thomas*, 221 F.3d at 437. We will affirm.

To prevail on his ineffective assistance of counsel claim, Johnson was required to show both that his trial counsel was deficient, *i.e.*, unreasonable under prevailing professional standards, and that he was prejudiced by his counsel's deficiency. *Id.* at 546. Prejudice is established when it has been shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

The District Court found that the record conclusively showed that Johnson failed to establish prejudice: "[a]lthough Petitioner states that the result of the proceeding could have been different had he testified, he fails to explain what facts he could have rebutted and why the alleged perjured testimony was material to his conviction by the jury." (A10.) The District Court was undoubtedly correct. Johnson's vague and conclusory claim that his testimony would have rebutted "every material fact" and every adverse witness falls well short of establishing a "reasonable probability" that, had he testified, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The District Court did not abuse its discretion in so concluding and, given that

4

conclusion, was not required to consider the deficiency prong of the *Strickland* test.[2]  Nor, we add, are we.

We nonetheless believe it worthy of mention that Johnson also failed to show that trial counsel was deficient because counsel did not tell him, *in haec verba*, that he, Johnson, had the "ultimate authority" to decide whether to testify.  Surely implicit if not explicit both before the District Court and in Johnson's brief on this appeal is the fact that he has taken no issue with any statement in counsel's Affirmation, thereby conceding that counsel told him of his right to testify on his own behalf and of the advantages and disadvantages of electing to do so, and that he knowingly elected not to take the stand.  Any doubts as to this fell away during oral argument when, in response to our questions, appellate counsel confirmed that the very narrow issue before us is whether trial counsel was *also* required to tell Johnson, in the precise words that Johnson suggests, that Johnson had the "ultimate authority" to decide whether to testify and because those words were not used, counsel was deficient.  We know of no such language requirement, and see no reason to impose one now.[3]

We will affirm the order of the District Court denying the petition without a hearing.

---

[2]  Neither was it necessary for the District Court to consider whether the evidence at trial was as "overwhelming" as the government believes it to be.  *See* Appellee's Br. at 8, 22.

[3]  We stress the importance of the concession that, despite Johnson's assertion that trial counsel did not tell him that he had the "ultimate authority" to decide whether or not to testify, counsel did tell him that it was his — Johnson's — decision to make.  In other words, the Affirmation of counsel on this point is effectively undisputed.