**UNITED STATES of America,
Plaintiff/Respondent–
Appellee,**

v.

**Thomas H. CLARK,
Defendant/Petitioner–Appellant.**

No. 14–5154.

United States Court of Appeals,
Sixth Circuit.

Jan. 4, 2016.

Before: BATCHELDER and STRANCH, Circuit Judges; HOOD, District Judge.[*]

HOOD, District Judge.

This case presents the question whether the district court abused its discretion by denying a motion to amend a petition for relief under 28 U.S.C. § 2255 because the new claim did not relate back to a timely-filed claim. Thomas H. Clark was found guilty of multiple counts relating to firearm and drug trafficking offenses. The district court sentenced Clark as a career offender, under § 4B1.1 of the Guidelines

---

\* The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

Manual, to 420 months' imprisonment. The district court relied on Clark's prior convictions for possession of cocaine with intent to distribute, reckless endangerment by dangerous weapon, and reckless endangerment by vehicle. On June 14, 2010, Clark filed a § 2255 motion alleging ineffective appellate counsel for failure to dispute his career-offender status in light of *Begay v. United States,* 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), and *United States v. Baker,* 559 F.3d 443 (6th Cir.2009). The district court granted Clark habeas relief based on the ineffective assistance of his appellate counsel for not challenging his career offender enhancement, and found that Clark was not a career offender. Prior to the issuance of an amended judgment of sentence, petitioner filed a motion to amend his § 2255 motion to request that the court review the drug amounts attributed to him used for sentencing purposes. Because the district court correctly held that the motion to amend was outside the one-year statute of limitations and the proposed amendment did not relate back to the claim of ineffective assistance of counsel, we affirm the district court's decision.

## I.

On April 18, 2005, Clark was convicted by a jury of conspiring to distribute at least five grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) (Count One); distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Two); aiding and abetting the possession of at least five grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (Count Five); aiding and abetting the possession of a firearm in furtherance of the drug trafficking crime charged in Count Five, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count Six); possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Seven); and possessing marijuana, in violation of 21 U.S.C. § 844 (Count Ten). *United States v. Clark,* 328 Fed. Appx. 992, 994–95 (6th Cir.2009).

## A. Presentence Report

Clark's presentence report[1] ("PSR") determined that U.S.S.G. § 2D1.1 provided a base offense level of 34, because Clark was held responsible for 171 grams of cocaine base. PSR ¶¶ 28, 29, 35. Because Clark was classified as a career offender for his prior felony convictions, the presentence report increased his total offense level to 37 and his criminal history category to VI, under § 4B1.1. PSR ¶ 52–55. The presentence report listed his guideline range as 420 months to life imprisonment. PSR ¶ 52.

## B. Sentencing

On September 19, 2005, the district court held a sentencing hearing. At sentencing, Clark renewed his previously raised objection to drug amounts as calculated in his PSR. Clark's trial counsel stated his objection was moot because Clark was determined to be a career offender and therefore the drug amount would not impact the guideline range. The district court agreed, and did not rule on the objection. Clark was sentenced to an aggregate term of 420 months' incarceration—60 months for possessing a firearm in furtherance of a drug trafficking offense and 360 months on the remaining counts. Clark appealed, and his conviction and sentence were affirmed.

---

1. The United States Probation Office prepared the report using the 2004 edition of the Unit- ed States Sentencing Commission Guidelines Manual. PSR ¶ 33.

Clark filed a timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On August 26, 2013, the district court held an evidentiary hearing and determined that Clark is entitled to relief under 28 U.S.C. § 2255 because ineffective appellate counsel prejudiced Clark in that he should not have received the career offender enhancement, because his prior reckless endangerment convictions do not constitute "crimes of violence" under § 4B1.2. Without the enhancement, Clark's offense level was reduced to 34 based on the drug weight of 171 grams of cocaine base, and his criminal history category was reduced to V. Clark had objected to the inclusion of the drug amount in his PSR, but had not included the objection in the § 2255 motion. Clark filed a motion to amend the § 2255 motion to reduce the drug quantity used for sentencing. In an order dated January 31, 2014, the district court denied the amendment, but granted relief on Clark's claim of ineffective assistance of appellate counsel relative to the career offender enhancement. In accordance with the Guidelines and PSR used at the initial sentencing, and with a reduced criminal history category calculated without the career-offender enhancement, the court held that the Guidelines range was 235 to 293 months' imprisonment, plus the consecutive 60–month term for the 18 U.S.C. § 924(c) violation. Clark's effective Guidelines range became 295 to 353 months. The district court amended Clark's sentence to 295 months' imprisonment and granted him a certificate of appealability ("COA") to appeal only the amended sentence. After Clark filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), the district court reduced his sentence to 190 months' imprisonment, and specifically held that all other aspects of the January 31, 2014 judgment remained unchanged.

On appeal, Clark argues that the district court erred in denying his Motion to Amend Petition for Relief under 28 U.S.C. § 2255, thereby preventing an opportunity for his previously un-ruled upon sentencing objection regarding the drug quantity to be heard. He requests that the Court vacate the imposed sentence and remand for resentencing after permitting the amendment. The drug quantity issue is important because had Clark not been sentenced initially as a career offender, a lower drug quantity would have resulted in a lower base offense level. Although Clark has not explicitly petitioned this Court to expand his COA to include the denial of his motion to amend his § 2255 petition, we can construe his appeal as such a request and sua sponte enlarge the COA to encompass this issue. Fed. R.App. P. 22(b)(2); *Willis v. Jones*, 329 Fed.Appx. 7, 13 (6th Cir.2009).

## II.

We review the district court's denial of a motion to amend for abuse of discretion. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) ("The standard for reviewing denials of motions to amend is abuse of discretion."); *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir.1978) (denial of motion to amend "will be reversed only for an abuse of discretion."). "Abuse of discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986).

A § 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). A motion to amend a § 2255 motion is governed by Federal Rule of Civil Procedure 15(a), which provides that leave to amend a pleading should be "freely give[n] ... when justice so requires." Fed.

R.Civ.P. 15(a)(2). Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings "arose out of the conduct, transaction, or occurrence set out ... in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). "[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired." *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir.2000). We assess motions to amend habeas petitions for whether they address the same "common core of operative facts" as the initial petition. *Mayle v. Felix*, 545 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

### III.

At issue in this case is whether the district court abused its discretion in denying Clark's motion to amend his § 2255 motion. In denying the motion, the district court determined that Clark had failed to show how his appellate counsel's decision not to challenge the drug amounts on direct appeal was factually related to the question of whether his appellate counsel was ineffective in not citing fresh authority regarding the career offender enhancement.

Clark argues that because he objected to the drug amounts at his initial sentencing and the objections were never ruled on, the district court should allow him to amend his § 2255 motion as justice would require. In the alternative, Clark argues that he should have been permitted to have his objections heard at the hearing to amend his sentence even if they were not added to the § 2255 motion.

The district court did not abuse its discretion in denying Clark's motion to amend, because the amendment did not relate back to the timely-filed claim and was an entirely new claim. The initial § 2255 motion was timely filed on June 14, 2010. Clark filed the motion to amend on October 9, 2013, over three years after the initial motion. In the motion to amend, Clark asks the district court to hear and rule on the drug amounts attributed to him. The issue of whether the drug amounts were correctly determined at Clark's sentencing is unrelated to the issue of whether his appellate counsel was ineffective for not citing authority regarding the career offender enhancement raised in the initial § 2255 motion.

Clark argues that his objection to the drug amounts would not have been considered moot had he not been found to be a career offender. This determination has no impact on Clark's failure to include the drug amounts issue in the initial § 2255 motion. Clark should have known that if the district court determined that he was not a career offender, the issue of the drug amounts may be relevant to sentencing. The drug amount was an issue, because Clark had objected to it at his initial sentencing. Because Clark's motion to amend was untimely and did not relate back to the initial § 2255 motion, the district court properly exercised its discretion in denying Clark's motion to amend.

### IV.

We conclude that a motion to amend a § 2255 motion should be denied where the one-year statute of limitations has expired and the proposed amendment does not relate back to timely-filed claim. We, therefore, **AFFIRM** the district court's denial of petitioner's motion to amend his § 2255 motion.