PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2829

_____


SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY, on behalf of itself and
all others similarly situated

v.

ORRSTOWN FINANCIAL SERVICES INC; ORRSTOWN
BANK; ANTHONY F. CEDDIA; JEFFREY W. COY;
MARK K. KELLER; ANDREA PUGH; THOMAS R.
QUINN, JR.; GREGORY A. ROSENBERRY; KENNETH F.
SHOEMAKER; GLENN W. SNOKE; JOHN S. WARD;
JOEL R. ZULLINGER; BRADLEY S. EVERLY; JEFFREY
W. EMBLY; SMITH ELLIOTT KEARNS & CO; ANDLER
O'NEILL & PARTNERS, LP; JANNEY MONTGOMERY
SCOTT, LLC

Appellants

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-00993)
District Judge: Honorable Yvette Kane

_____

Argued on February 10, 2021

Before: AMBRO, GREENAWAY, Jr., and BIBAS, <u>Circuit Judges</u>

(Opinion filed: September 2, 2021)

David J. Creagan
David E. Edwards
Justin K. Fortescue
White & Williams
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103

      Counsel for Appellants Orrstown
      Financial Services, Inc., Orrstown
      Bank, Anthony F. Ceddia, Jeffrey W.
      Coy, Mark K. Keller, Andrea
      Pugh, Thomas R. Quinn, Jr., Gregory A.
      Rosenberry, Kenneth F. Shoemaker,
      Glenn W. Snoke, John S. Ward, Joel R.
      Zullinger, Bradley S. Everly, Jeffrey W.
      Embly, Smith Elliott, Kearns & Co,
      Sandler, O'Neil & Partners, LP, and
      Janney Montgomery Scott, LLC.

Seth L. Laver
Michael P. Luongo
Jonathan S. Ziss
Goldberg Segalla
1700 Market Street
Suite 1418
Philadelphia, PA 19103

        Counsel for Appellant Smith Elliott
        Kearns & Co.

Bradley R. Wilson **(Argued)**
Wachtell Lipton Rosen & Katz
51 West 52nd Street
New York, NY 10019

        Counsel for Appellants Sandler O'Neill
        & Partners, LP and Janney Montgomery
        Scott, LLC

Nicholas E. Chimicles
Kimberly M. Donaldson Smith
Benjamin F. Johns
Timothy N. Mathews **(Argued)**
Chimicles Schwartz Kriner & Donaldson-Smith
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041

        Counsel for Appellee Southeastern
        Pennsylvania Transportation Authority

---

OPINION OF THE COURT

---

AMBRO, Circuit Judge

Statutes of limitations, as their name suggests, limit the amount of time in which a plaintiff can bring a particular claim. Once the limitations period has expired, a plaintiff who has not already filed suit is ordinarily out of luck. But statutes of limitations are subject to various carveouts and exceptions.

Statutes of repose are statutes of limitations' more severe cousins. They "protect[] the defendant from an interminable threat" of a lawsuit by "creat[ing] an absolute bar on a defendant's temporal liability." *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2050 (2017) (internal quotation marks omitted) (hereinafter "*CalPERS*"). "[S]tatutes of repose pursue similar goals as do statutes of limitations (protecting defendants from defending against stale claims), but strike a stronger defendant-friendly balance." *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 199–200 (3d Cir. 2007). Thus statutes of repose are not as flexible as statutes of limitations. *See, e.g.*, *CalPERS*, 137 S. Ct. at 2055 (holding that statutes of repose are not subject to equitable tolling).

We must decide whether Rule 15(c) of the Federal Rules of Civil Procedure, which provides a carveout more commonly applied to statutes of limitations, also applies to statutes of repose. We are persuaded that Rule 15(c) allows amendment of a pleading after the expiration of a repose period here—subject to the Rule's ordinary constraints—because the

4

Rule's "relation-back" doctrine leaves the legislatively mandated deadline intact and does not disturb any of the defendants' vested rights to repose in this case. We therefore affirm the District Court's decision to allow amendment.

## I. BACKGROUND

### A. Factual Background

We summarize the facts as alleged in the operative complaint. Defendant Orrstown Bank, a wholly owned subsidiary of defendant Orrstown Financial Services, provides "community banking and bank[-]related services" in Pennsylvania and Maryland. J.A. 478–79. In March 2010, Orrstown Bank (collectively, with its officers and Orrstown Financial, the "Orrstown Defendants") made a stock offering at $27 per share. Plaintiff Southeastern Pennsylvania Transportation Authority ("SEPTA") invested some of its pension funds in Orrstown stock during this offering. SEPTA also purchased Orrstown stock on the open market after the March 2010 offering. Defendant Sandler O'Neill & Partners, L.P. and Janney Montgomery Scott LLC (collectively, the "Underwriters") underwrote the offering, and Defendant Smith Elliott Kearns & Company, LLC (the "Auditor") served as the Orrstown Defendants' independent auditor.

From July 2011 to March 2012 the Orrstown Defendants made a series of disclosures concerning the Bank's financial health. According to SEPTA, the Orrstown Defendants revealed they had failed to identify impaired loans and otherwise misrepresented that the Bank was financially stable, resulting in material misrepresentations in its financial disclosures. Orrstown's stock price dropped following each

disclosure; by April 2012, the price had fallen from $27 to just $8.20 per share.

## B.     Procedural Background

SEPTA filed suit in federal court in May 2012, bringing claims against the Orrstown Defendants on behalf of two classes. The first, the "Securities Act Class," consisted of investors who purchased Orrstown stock "in connection with, or traceable to," Orrstown's Registration Statement for the March 2010 offering. J.A. 119. As the name suggests, SEPTA asserted claims on behalf of this class under Sections 11, 12(a), and 15 of the Securities Act of 1933. The second, the "Exchange Act Class," consisted of investors who purchased Orrstown stock on the open market between March 2010 and October 2011.[1] SEPTA asserted claims on behalf of this class under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

### 1.     *First and Second Amended Complaints*

In March 2013, before the Orrstown Defendants moved for dismissal, SEPTA filed its First Amended Complaint. Defendants concede this complaint was timely filed. It renewed SEPTA's claims against the Orrstown Defendants and added both Securities Act and Exchange Act claims against the Underwriters and the Auditor. The Orrstown Defendants, Underwriters, and Auditor (collectively, "Defendants") then moved to dismiss the amended complaint in full for failure to meet pleading requirements, and the District Court granted the motion without prejudice. The Court's dismissal order

---

[1] SEPTA's later complaints lengthened this time period to end in April 2012.

provided that SEPTA could seek leave to file another amended complaint within thirty days.

With the permission of the Court, SEPTA filed its Second Amended Complaint against Defendants in February 2016, again asserting both Securities Act and Exchange Act claims on behalf of the two classes. Unlike the First Amended Complaint, which cast its factual net more broadly, the Second Amended Complaint "focused exclusively on alleged materially false and/or misleading statements" the Orrstown Defendants made concerning their "internal controls over underwriting of loans, risk management, financial reporting[,] and compliance with banking regulations." J.A. 8 (internal quotation marks omitted). Defendants again moved for dismissal.

The Court granted the Orrstown Defendants' motion in part and granted the Underwriters' and Auditor's motions in full. As to the Orrstown Defendants, the Court dismissed all Securities Act claims but did not dismiss the Exchange Act claims except for a handful of individual Orrstown officers.[2] The Court also dismissed all claims against the Underwriters and the Auditor. Thus the only remaining claims from the Second Amended Complaint were Exchange Act claims against certain Orrstown Defendants (including all institutional defendants and some individual officers).

---

[2] The Court dismissed all claims against some individual Orrstown officers but retained Exchange Act claims against officers Thomas Quinn, Bradley Everly, and Jeffrey Embly (in addition to retaining Exchange Act claims against the Orrstown institutional defendants).

The parties began discovery in January 2017, but shortly thereafter the Orrstown Defendants notified SEPTA of their intent to withhold certain documents containing confidential supervisory information. This triggered a lengthy process in which the parties sought to have federal and state regulators review the relevant documents. The parties ultimately moved to continue the case-management deadlines until the regulators finished their review, and the Court granted the motion.

### 2. *Third Amended Complaint*

In April 2019, SEPTA moved for leave to file a Third Amended Complaint. According to the District Court, this complaint reasserted "previously dismissed" Securities Act and Exchange Act claims from the Second Amended Complaint, including claims against some parties who had previously enjoyed dismissal of all claims against them (the Underwriters, the Auditor, and certain individual Orrstown officers). J.A. 14. SEPTA argued it should be entitled to reinstitute the claims because it found further evidence to support them through discovery after the partial dismissal of the Second Amended Complaint. Defendants countered that, among other things, the reasserted claims were time barred because SEPTA sought to file the Third Amended Complaint outside the three-year repose period for Securities Act claims and the five-year repose period for Exchange Act claims. Thus, Defendants argued, the Court should not grant leave to amend because amendment would be futile.

The District Court granted SEPTA's motion, concluding that amendment would not be futile notwithstanding the expiration of the repose periods. *Se. Pa.*

8

*Transp. Auth. v. Orrstown Fin. Servs., Inc.*, 335 F.R.D. 54, 82 (M.D. Pa. 2020) (hereinafter "*Orrstown*"). It observed that both applicable statutes of repose limit the time in which an "action" must be "brought." *Id.* at 79. It further noted that SEPTA initially brought the action at issue (first in the First Amended Complaint, then in the Second Amended Complaint[3]) within the repose period. *Id.* at 80. The Court thus reasoned that for the statutes of repose to bar the reasserted claims in the Third Amended Complaint, SEPTA's first action must have ended. *Id.* at 81. The Court looked to Rule 54(b) of the Federal Rules of Civil Procedure, which states that "any order . . . that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . . ." *Id.* at 80. It reasoned that, under this Rule, its dismissal of the Second Amended Complaint did not decide all of SEPTA's claims, and therefore the action did not end with that dismissal order. *Id.* at 81. It noted that, through the Third Amended Complaint, SEPTA only sought to "reassert the *same* claims against the *same* parties originally brought by way of the [First Amended Complaint]," which was filed within the repose period. *Id.* (emphases in original). The Court thus concluded that the statutes of repose did not bar SEPTA from using the Third

---

[3] The Court dismissed the First Amended Complaint in full but permitted SEPTA to file the Second Amended Complaint. And when it filed that Complaint, Defendants did not argue that the statutes of repose barred any of the claims despite the repose periods having expired. Moreover, they conceded at oral argument that the Second Amended Complaint did not offend the relevant statutes of repose. As those statutes are not jurisdictional (*see infra* n.5), we presume that the Second Amended Complaint was timely.

Amended Complaint to assert previously dismissed claims and, accordingly, granted SEPTA leave to file the Third Amended Complaint. *Id.* at 82. But Rule 15(c), described below, did not apply, according to the Court, because the Rule concerned only the addition of an entirely new party or claim and SEPTA only sought to reassert previously dismissed claims. *Id.*

Defendants then moved for the District Court to certify its order for interlocutory appeal. It granted the motion, and this appeal followed. We later granted Defendants' request to appeal the Court's order. *See* 28 U.S.C. § 1292(b).

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §§ 77v(a) (Securities Act) and 78aa(a) (Exchange Act). We have appellate jurisdiction over this interlocutory appeal under 28 U.S.C. § 1292(b). The District Court framed the issue on appeal as:

> Do previously[] dismissed Securities and Exchange Act claims in this multi-party, multi-claim action remain subject to amendment pursuant to the provisions of Federal Rule of Civil Procedure 54(b), or did the previous dismissal of those claims end the "action" with regard to those claims, such that any future amendment of those claims would be subject to the relevant statute of repose?

10

J.A. 64–65.

On appeal, we may address "any issue fairly included within the certified order because it is the order that is appealable, and not the controlling question identified by the district court." *Egervary v. Young*, 366 F.3d 238, 245 (3d Cir. 2004) (internal quotation marks omitted). This appeal presents a purely legal question that we review *de novo*. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).

## III. DISCUSSION

"Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006). Consistent with this approach, the relation-back doctrine under Rule 15(c) allows a court to treat a later-filed amended pleading as if it had been filed at the time of the initial pleading. Specifically, Rule 15(c) provides that an amended pleading "relates back to the date" of the initial pleading when, among other things, "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Rule thus "embodie[s]" a "clear preference . . . for merits-based decision making." *T Mobile Ne. LLC v. City of Wilmington*, 913 F.3d 311, 328 (3d Cir. 2019).

### A. Rule 15 governs SEPTA's amendment.

Although the District Court concluded that Rule 15 did not apply in deciding to permit SEPTA's amendment, we are persuaded otherwise. In *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004), we said that "amendments that restate

11

the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction[,] or occurrence in the preceding pleading fall within Rule 15(c)." We adopted the *Bensel* approach in later cases by applying Rule 15(c) to amendments that merely add more factual detail to existing claims. *See, e.g.*, *United States v. Santarelli*, 929 F.3d 95, 102–03 (3d Cir. 2019); *T Mobile Ne. LLC*, 913 F.3d at 328–29; *see also United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000) (holding, pre-*Bensel*, that Rule 15(c) applied when a habeas petitioner sought to add only facts to his petition). This approach aligns with that of the Supreme Court, as it has long applied the relation-back doctrine to amendments that "merely expand[] or amplif[y]" claims in the initial pleading. *Seaboard Air Line Ry. v. Renn*, 241 U.S. 290, 293–94 (1916); *see also Maty v. Grasselli Chem. Co.*, 303 U.S. 197, 197–99 (1938); 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1497 (3d ed. 2010 and Supp. 2021).[4]

---

[4] We acknowledge that the Fifth Circuit has a different view of this precise question. In *Crostley v. Lamar County*, 717 F.3d 410, 421 (5th Cir. 2013), the Court held that the relation-back doctrine did not apply when the plaintiffs sought to reassert claims against a previously dismissed defendant after the expiration of the limitations period. It reasoned that the doctrine, which it viewed as an exception to the statute of limitations, did not apply because "the statute . . . had not elapsed" when the plaintffs initially filed suit against the defendant. *Id.* We do not adopt this approach, however, as it conflicts with our precedent and that of the Supreme Court.

12

Rule 15(c) thus applies here as long as the Third Amended Complaint "restate[s] the original claim with greater particularity or amplif[ies] the factual circumstances surrounding the pertinent conduct." *Bensel*, 387 F.3d at 310. And the Third Amended Complaint does just that: It both restates claims with greater particularity and amplifies the factual circumstances surrounding the relevant conduct by adding significantly more factual detail to SEPTA's existing claims. In this context, the relation-back doctrine applies.

### B. Rule 15 permits relation back against statutes of repose.

The key question before us, then, is whether Rule 15(c) permits amendment outside an otherwise-applicable repose period. It is well established that Rule 15(c) permits amended pleadings to relate back past statutes of limitations such that an amendment filed outside the limitations period is deemed timely. *See generally* 6A Wright, Miller, & Kane § 1497. But both provisions here—the Securities Act's three-year bar and the Exchange Act's five-year bar—are statutes of repose. *CalPERS*, 137 S. Ct. at 2049 (Securities Act); *Exxon*, 500 F.3d at 199–200 (Exchange Act).

Those statutes "effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time." *CalPERS*, 137 S. Ct. at 2049 (quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014)). Unlike statutes of limitations, which do not begin to run typically until all elements of the claim have occurred, "statutes of repose start upon the occurrence of a specific event and may expire before a plaintiff discovers he has been wronged or even before damages have been suffered at all."

*Exxon*, 500 F.3d at 199.  One major difference between statutes of repose and statutes of limitations is that the former are not subject to equitable tolling.  *CTS Corp.*, 573 U.S. at 10.  This is because the "unqualified nature" of statutes of repose "supersedes the courts' residual authority and forecloses the extension of the statutory period based on equitable principles."  *CalPERS*, 137 S. Ct. at 2051.  Defendants thus argue that the "unqualified nature" of repose statutes categorically prohibits relation back and supersedes Rule 15(c).

At the outset, the rule Defendants propose would present enormous practical difficulties.  It would mean that a plaintiff could not make *any* changes—no matter how small— to its complaint after expiration of the repose period.  Moreover, no circuit court has squarely considered whether Rule 15(c) allows relation back past statutes of repose in this context.[5]  In the absence of circuit-level authority, Defendants

---

[5] The Ninth Circuit has spoken on this issue, though in a materially different context.  In *Miguel v. Country Funding Corp.*, the plaintiff argued that its amended complaint, which added a defendant after the expiration of the applicable repose period, related back to the plaintiff's initial, timely complaint.  309 F.3d 1161, 1165 (9th Cir. 2002), *abrogated on other grounds by Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1100 (9th Cir. 2018).  The Court concluded, among other things, that Rule 15(c) did not apply.  *Id.*  It first stated that statutes of repose are jurisdictional and that federal rules may not extend federal jurisdiction.  *Id.* at 1164–65.  Relying on those two premises, the Court reasoned that Rule 15(c) could not permit relation back because doing so would extend federal

argue that relation back under Rule 15(c) is incompatible with the nature and purpose of statutes of repose. They also contend

jurisdiction when statutes of repose were absolute in declaring claims dead after a certain time. *Id.* at 1165.

*Miguel* does not squarely address the circumstances here because, unlike the plaintiff in *Miguel*, SEPTA is not seeking to add any additional defendants after the repose deadline. Moreover, as the Ninth Circuit later recognized, statutes of repose do not create a jurisdictional bar unless they clearly say so. *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th Cir. 2012), *abrogated on other grounds by Hoang*, 910 F.3d 1096; *see also Musacchio v. United States*, 577 U.S. 237, 246 (2016) ("Statutes of limitations and other filing deadlines ordinarily are not jurisdictional. We treat a time bar as jurisdictional only if Congress has clearly stated that it is." (citations and internal quotation marks omitted)). Here, both statutes limit when an "action" or "right of action" may be "brought." 15 U.S.C. § 77m (Securities Act); 28 U.S.C. § 1658(b) (Exchange Act). Although the statutes at issue "use[] mandatory language, [they do] not expressly refer to subject-matter jurisdiction or speak in jurisdictional terms." *Musacchio*, 577 U.S. at 246. And Defendants have not argued that the context or history of the text leads to a different result. *See id.* The Eleventh Circuit has held that nearly identical language, prescribing when an "action may be commenced," is not jurisdictional. *Sec'y, U.S. Dep't of Lab. v. Preston*, 873 F.3d 877, 882 (11th Cir. 2017). We join that Court in concluding that this "boilerplate" language does not create a jurisdictional bar. *See id.* (quoting *Jones v. Bock*, 549 U.S. 199, 220 (2007)).

15

that the Rules Enabling Act prevents us from applying relation back here.  For the reasons below, we disagree.

> *1.    Relation back is consistent with the nature of statutes of repose.*

First, Defendants argue that statutes of repose, by their nature, create a right to be "free from liability" after the repose period.  *CalPERS*, 137 S. Ct. at 2049 (internal quotation marks omitted).  Such a statute "affect[s] the availability of the underlying right," as "[t]hat right is no longer available on the expiration of the specified period of time."  *Lieberman v. Cambridge Partners, L.L.C.*, 432 F.3d 482, 490 (3d Cir. 2005) (internal quotation marks omitted).  It "admits of no exception and on its face creates a fixed bar against future liability."  *CalPERS*, 137 S. Ct. at 2049.  Defendants assert that, because a statute of repose "extinguishe[s]" a claim upon expiration of the prescribed period, *see Lieberman*, 432 F.3d at 492, applying the relation-back doctrine in this context would create an exception that allows plaintiffs to revive their time-barred claims outside the repose period, something that is impossible.

The repose statutes before us provide that an "action" or "right of action" may not be "brought" outside the repose period.  15 U.S.C. § 77m (Securities Act); 28 U.S.C. § 1658(b) (Exchange Act).  The parties do not dispute that SEPTA brought an action under both statutes against all Defendants—by filing the First Amended Complaint—before the applicable repose periods expired.  Instead, Defendants argue that SEPTA's previously dismissed claims were extinguished by the expiration of the repose period, even though the action continued.  Thus Defendants urge us to read the statutes to bar "claims," rather than "actions."

16

We acknowledge that the Supreme Court has seemingly implied that "action" and "claim" may overlap in the context of statutes of limitations. *See Jones v. Bock*, 549 U.S. 199, 220–21 (2007). And we ourselves have at times used the terms interchangeably. *See, e.g.*, *Lieberman*, 432 F.3d at 492 ("[W]e are dealing with claims extinguished by a statute of repose."). But even if the statutes barred "claims" instead of "actions," our conclusion would be the same here. SEPTA brought both Securities Act and Exchange Act claims against all Defendants before the applicable repose periods expired. For those claims to be barred, then, they had to end. But under Rule 54(b), "any order" that decides "fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties." As the District Court had not decided all claims as to all parties at the time of the repose period's expiration—with the exception discussed in note 3— none of SEPTA's claims in the action ended. *See In re Raytheon Sec. Litig.*, Civ. No. 99-12142-PBS, 2003 U.S. Dist. LEXIS 25197, at \*8 (D. Mass. May 21, 2003) (adopting nearly identical reasoning).

Defendants protest that Rule 54(b) governs when a decision is final for appellate purposes only. But the text contains no such limit. And no other circuit has concluded that the Rule is so limited.[6] On this question we agree with the Fifth

---

[6] Defendants urge us to follow the Eighth Circuit's lead in *Curtis v. United Transportation Union*, 648 F.2d 492 (8th Cir. 1981). There the Court declined to apply Rule 54(b) in holding that a plaintiff could not reinstate claims against a previously dismissed defendant after the statute of limitations expired, even though the plaintiff's action was still pending against

17

Circuit in *Crostley v. Lamar County*, 717 F.3d 410 (5th Cir. 2013). There, the District Court denied the plaintiffs' motion to amend their complaint after the limitations period expired to reassert a claim against a previously dismissed defendant. *Id.* at 418–19. But the Fifth Circuit reversed, observing first that the plaintiffs filed their initial complaint against the defendant before the limitations period expired. *Id.* at 421. It went on to reason that, under Rule 54(b), the defendant's dismissal "did 'not end the action'" as to that defendant because claims against another defendant were still pending. *Id.* (quoting Fed. R. Civ. P. 54(b)). Thus the expired statute of limitations did not bar the plaintiffs from reasserting the same claim against the previously dismissed defendant.[7] *Id.* at 418–19, 21.

---

another defendant. *Id.* at 495. At the outset, we disagree with *Curtis*'s ultimate conclusion; as we discuss next, Rule 54(b) *does* "create an exception to the usual rule" that a plaintiff may not revive dismissed claims after a statute of limitations or repose expires. *See id.* Moreover, *Curtis* declined to apply Rule 54(b) in large part because the plaintiff had voluntarily dismissed the defendant under Rule 41(a)(2). *See id.* ("There was no 'adjudication' of rights as contemplated by Rule 54(b). It was merely a decision by [the] plaintiff to remove a party from the suit."). Here, however, the District Court ruled on the rights of the previously dismissed parties (and the merits of the previously dismissed claims). Finally, *Curtis* framed the issue as whether "Rule 54(b) *tolls* the statute of limitations." *Id.* at 494 (emphasis added). As we explain later, we disagree that this circumstance presents a tolling issue when the plaintiff brings an action within the applicable repose period.

[7] The Court so held even though the District Court dismissed the claims with prejudice. *See Crostley*, 717 F.3d at 420. We

*Crostley*, of course, considered a statute of limitations rather than a statute of repose. *See id.* at 419. But as it did not rest on any features unique to statutes of limitations, we are persuaded that its logic applies here with equal force. Thus, even if the statutes of repose before us extinguish "claims" instead of "actions," that is not at odds with relation back in our case.

Defendants counter, relying on *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005), that we should treat SEPTA's previously dismissed claims as if they never existed for repose purposes. But that reliance is misplaced. In *Brennan* the District Court dismissed the plaintiff's entire complaint after the relevant limitations period expired. *Id.* On appeal to us, we recognized "the general rule that a complaint that is subsequently dismissed without prejudice is treated for statute of limitations purposes as if it never existed." *Id.* But here, with the exception discussed above in note 3, the District Court did not dismiss SEPTA's entire complaint—it dismissed only *some* claims and *some* parties. *Brennan*'s "general rule" therefore does not govern whether SEPTA's previously dismissed claims count for statute of repose purposes. Put differently, the District Court's order in *Brennan* disposed of all claims and all parties and thus ended the action under Rule 54(b).[8] *See also Hogan v. Pilgrim's Pride Corp.*, No. 16-cv-

---

agree, as Rule 54(b) does not distinguish between claims dismissed with or without prejudice.

[8] *Brennan* also distinguishes between "final" orders, after which a plaintiff may not revive an otherwise-barred claim, and "conditional orders," after which a time bar does not arise. *See* 407 F.3d at 607. Some might suggest that the District

19

02611-RBJ, 2021 WL 1534602, at \*7–8 (D. Colo. Apr. 16, 2021) (declining to apply the relation-back doctrine when the Court had previously dismissed the timely filed complaint in its entirety). That is not the case here.

### 2. *Relation back is consistent with the purpose of statutes of repose.*

Next, Defendants contend that the purpose of the relation-back doctrine conflicts with the purpose of statutes of repose. The "touchstone" of the relation-back analysis is whether would-be defendants had "fair notice" of the claim within the limitations period. *Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012). In contrast, "the purpose of a statute of repose is to give the defendant full protection after a certain time." *CalPERS*, 137 S. Ct. at 2053. Defendants argue that these purposes are incompatible because whether the defendant had notice of the suit or not, a statute of repose creates an absolute bar to liability after the deadline.

We are again unpersuaded. While we agree that a repose statute's purpose is to give defendants protection after a certain amount of time, it does not defeat that purpose for a plaintiff to bring an action within the time allotted—even if the plaintiff later amends the precise form of its pleadings. SEPTA brought its action initially within the applicable repose periods. And we reiterate that, under Rule 54(b), reinstatement of dismissed claims cannot constitute the filing of a new action

Court's partial dismissal was a conditional order only, as it could have been "revised at any time" before the Court decided all of SEPTA's pending claims. Fed. R. Civ. P. 54(b).

20

until a court has decided all claims against all parties to the initial action.

Defendants rely heavily on the Supreme Court's decision in *CalPERS*, 137 S. Ct. at 2049, to support that statutes of repose permit no exceptions. *CalPERS*, however, does not help Defendants for two reasons. First, the tolling at issue there would have been a true exception to the statute of repose, as it would have been an "extension of the statutory period" within which plaintiffs could file an action. *Id.* at 2050. Here, however, the repose period stays intact; a plaintiff must still bring an action before the deadline. Rule 15(c) merely gives plaintiffs a chance to alter the details of an already filed complaint. *See Chumney v. U.S. Repeating Arms Co.*, 196 F.R.D. 419, 427 (M.D. Ala. 2000); *In re Sharps Run Assocs., L.P.*, 157 B.R. 766, 785 (D.N.J. 1993); *see also* Kenneth DeCourcy Ferguson, *Repose or Not? Informal Objections to Claims of Exemptions After* Taylor v. Freeland, 50 Okla. L. Rev. 45, 85 (1997). Second, *CalPERS* rested on the fact that the kind of tolling at issue there arose "from the equitable powers of courts." 137 S. Ct. at 2051. It suggested that the outcome might have been different were the tolling "mandated by the text of a statute or federal rule." *Id.* at 2052. As relation back stems from a federal rule, rather than equity, *CalPERS*'s reasoning is of limited value here.

Defendants also rely on *CalPERS* to argue that allowing relation back to circumvent statutes of repose would permit "limitless" filing of new claims. *See CalPERS*, 137 S. Ct. at 2054. But the structure of Rule 15 protects against that specter. Under Rule 15(a), a party may only amend its pleading once as of right shortly after filing. *See* Fed. R. Civ. P. 15(a)(1). All other amendments require "the opposing party's written

21

consent or the court's leave." Fed. R. Civ. P. 15(a)(2). True, a court must grant leave to amend under this provision "unless equitable considerations render it otherwise unjust." *Arthur*, 434 F.3d at 204. But it may deny leave to amend based on, among other things, "undue delay." *Id.* And the analyses for subsection (a) and relation back under subsection (c) are independent of each other, meaning that a court may deny a motion for leave to amend even if the proposed amendment would, if filed, relate back.[9] *See id.* at 202–04; *see also Krupski*

---

[9] Defendants also argue that this approach would "allow a plaintiff to circumvent the congressionally mandated discovery stay" in Securities and Exchange Act cases when a motion to dismiss is pending. Defendants' Br. at 31 n.9; *see also* 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B). We disagree. The purpose of the discovery stay is "to provide a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis." *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (internal quotation marks omitted). But that purpose is still served if a plaintiff amends its complaint after discovery has yielded more facts to support previously dismissed claims—at that point, the plaintiff's suit presumably has some factual basis. Had Defendants wished to seek a final judgment on SEPTA's previously dismissed claims before discovery resumed, they could have done so under Rule 54(b). Moreover, the structure of Rule 15 again addresses Defendants' concern, as a district court may deny leave to amend if amendment would prejudice the non-moving party. *Arthur*, 434 F.3d at 204. Defendants in fact argued before the District Court that amendment here would prejudice them, in part because of the discovery stay, but the Court rejected that argument based on the specific facts of this case. As

22

*v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010) (emphasizing that the two subsections are analytically distinct).

Defendants further argue that Rule 15(c) expressly applies to statutes of limitations only. But nothing in the text of the provision at issue here—Rule 15(c)(1) and subsection (B)—refers to statutes of limitations. Subsection (A) of Rule 15(c)(1), which is not relevant here, provides that the relation-back doctrine applies if "the law that provides the applicable statute of limitations allows relation back." "[T]he absence of limiting language" in Rule 15(c)(1)(B), however, "indicates that it applies to statutes of limitations and repose alike." *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 64 (E.D. Va. 2016); *accord Chumney*, 196 F.R.D. at 427.

One final note. Though it seeks to expand its complaint with additional facts, SEPTA is not bringing any new legal claims or adding new parties that were not included in the First Amended Complaint.[10] *See Thomas*, 221 F.3d at 436 n.4 (concluding that a habeas petitioner did not "raise a new claim" by merely adding additional facts to his petition). Thus our

---

Defendants do not currently challenge this aspect of the Court's decision, we will not disturb it.

[10] Defendants assert that some—though not all—of SEPTA's new facts included distinct, new breaches of the Securities and Exchange Acts not included in previous complaints. We decline to resolve this dispute now because, as we explain later, before us is the District Court's decision under Rule 15(a) rather than Rule 15(c). *See infra* n.12. We leave the dispute, which falls under (c), for that Court to decide in the first instance.

holding today does not address whether an entirely new claim—one that the plaintiffs did not bring before—may relate back to skirt statutes of repose. Similarly, we do not reach whether a plaintiff may use relation back in this context to add new parties. We leave those tougher questions for another time.

Rule 15(c) encourages courts to decide cases on the merits, rather than a technicality, if a plaintiff merely seeks to amend a timely filed complaint after the statutory deadline has expired. While Defendants insist this principle conflicts with the protection from liability afforded by statutes of repose, we see no such conflict. Moreover, district courts retain discretion to deny plaintiffs leave to amend outside the repose period if the circumstances of a particular case would make amendment unjust. Thus statutes of repose themselves are no barrier to relation back under Rule 15(c) here.

### 3. *The Rules Enabling Act does not compel a different result.*

Beyond the statutes, Defendants also argue that allowing relation back to defeat statutes of repose would violate the Rules Enabling Act. The Act prohibits any interpretation of federal rules of procedure that would "abridge, enlarge[,] or modify any substantive right." 28 U.S.C. § 2072(b). We have held, consistent with other circuits, that statutes of repose create substantive rights that would be affected by allowing a plaintiff a "new cause[] of action" after the repose period has run. *Lieberman*, 432 F.3d at 492; *accord Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*, 721 F.3d 95, 109 (2d Cir. 2013) (hereinafter "*IndyMac*"). Defendants assert that allowing relation back past statutes of repose would abridge or

modify their substantive rights to be free from liability once the repose periods expire.

But statutes of repose do not bar liability for all time. That bar pops up, creating a vested right to repose, only on expiration of the repose period. *See Bryant v. United States*, 768 F.3d 1378, 1383 n.10 (11th Cir. 2014); *Fencorp, Co. v. Ohio Ky. Oil Corp.*, 675 F.3d 933, 940–41 (6th Cir. 2012); *Baughn v. Eli Lilly & Co.*, 356 F. Supp. 2d 1166, 1173, 1177 (D. Kan. 2005). Further, the expiration of a repose period creates a vested right to be free from liability only as against those plaintiffs who do not have a pending action under the statute at that time. This is because statutes of repose create a deadline for *filing* actions, rather than *resolving* them. *See CTS Corp.*, 573 U.S. at 8 ("A statute of repose . . . puts an outer limit on the right to *bring* a civil action." (emphasis added)). Thus a defendant does not have a vested right for repose as against a plaintiff who sues before the deadline as long as the plaintiff's action is pending when the deadline expires.

Returning to the Rules Enabling Act, it helps Defendants only insofar as they have a "substantive right" to a repose. 28 U.S.C. § 2072(b). But again, SEPTA's Third Amended Complaint reasserts no more than the same claims, against the same parties, as the timely filed First Amended Complaint. *See Orrstown*, 335 F.R.D. at 81. Defendants had a vested right to repose against SEPTA if the action ended before the repose deadline, thus requiring SEPTA to bring a new action after the deadline expired. Yet, under Rule 54(b), SEPTA's action had not ended when the repose deadline passed because the District Court's previous dismissal did not decide all claims as to all parties. Thus none of the Defendants had vested rights to repose as against SEPTA when the repose

25

period expired, and the Rules Enabling Act's protections for substantive rights do not apply here.

Defendants nonetheless urge us to follow the Second Circuit's reasoning in *IndyMac*, 721 F.3d 95. The Court there stated that the Rules Enabling Act barred any interpretation of Rule 23 that would permit tolling of the Securities Act's statute of repose. *Id.* at 109. Defendants urge us to adopt similar reasoning as to Rule 15(c): Because its relation-back doctrine would impermissibly modify Defendants' right to repose, Defendants contend, the Rule cannot apply here. Some in the Second Circuit have adopted this view, relying on *IndyMac*'s reasoning to conclude that the Rules Enabling Act also prohibits relation back against statutes of repose. *See, e.g.*, *Barilli v. Sky Solar Holdings, Ltd.*, 389 F. Supp. 3d 232, 263–64 (S.D.N.Y. 2019); *F.D.I.C. v. First Horizon Asset Sec. Inc.*, 291 F. Supp. 3d 364, 371–72 (S.D.N.Y. 2018).

But *IndyMac* does not help Defendants for several reasons. First, the decision by its own terms did not consider "whether Rule 15(c) allows 'relation back' of claims otherwise barred by a statute of repose." *IndyMac*, 721 F.3d at 110 n.18. Second, as we explained previously, tolling extends the repose period, while relation back keeps the repose period intact. Hence *IndyMac*'s reasoning does not apply here. Third, *IndyMac* is factually distinguishable. There, members of a putative class—who were not named parties—sought to intervene in an existing class action. *IndyMac*, 721 F.3d at 103. The Court held that it would violate the Rules Enabling Act to permit putative plaintiffs either to "file a complaint or intervene." *Id.* at 109. Both courses of conduct would have subjected defendants to liability to non-parties in the initial action. *See id.* at 100–01. But here SEPTA has been a party to the action from the beginning and is not seeking to file a

complaint or intervene in another action. Rather, it merely seeks to amend its own timely filed complaint.[11]

We acknowledge that several federal district courts have declined to permit relation back past statutes of repose. But those decisions rely on the premise that relation back would violate the defendants' substantive rights in those circumstances. *See, e.g.*, *De Vito v. Liquid Holdings Grp., Inc.*, Civ. No. 15-6969 (KM) (JBC), 2018 WL 6891832, at *24 (D.N.J. Dec. 31, 2018); *First Horizon Asset Sec. Inc.*, 291 F. Supp. 3d at 371–72, 374; *In re Lehman Bros. Sec. & Erisa Litig.*, 799 F. Supp. 2d 258, 310 (S.D.N.Y. 2011); *Resol. Tr. Corp. v. Olson*, 768 F. Supp. 283, 285 (D. Ariz. 1991). Several of these cases involved entirely new claims or parties that were added after the repose period expired. *See, e.g.*, *De Vito*, 2018 WL 6891832, at *22; *First Horizon Asset Sec. Inc.*, 291 F. Supp. 3d at 369; *In re Lehman Bros.*, 799 F. Supp. 2d at 310. As we have explained, a defendant does not have a substantive right to repose when—as here—a plaintiff brings an action against the defendant containing the claims at issue within the repose period.

In sum, relation back does not offend the Rules Enabling Act when a plaintiff merely seeks to amend a timely filed complaint without adding entirely new claims or parties. This is because a defendant does not have a vested right to repose as to a plaintiff who sues before the deadline so long as

---

[11] *IndyMac* also held that Rule 15(c) did not allow putative class members to relate back past the applicable statute of repose. *Id.* at 110. Yet we reiterate that the Court's reasoning rested on the members not being parties to the suit before the repose deadline. *See id.* at 110–11.

27

the plaintiff's action is pending. As Defendants here had no substantive right to repose as to SEPTA, the Act does not help them.

### C.     The District Court did not err in allowing SEPTA leave to amend under Rule 15(a)(2).

Having concluded that amendments may relate back to avoid statutes of repose, we turn to the ultimate question: whether the District Court erred in granting SEPTA leave to amend under Rule 15(a)(2).[12] Defendants, as noted, argued before the District Court that the expiration of the repose periods would render SEPTA's amendment futile. But because relation back may make the pleading timely, amendment would not be futile—and Defendants do not argue on appeal that amendment would otherwise offend Rule 15(a). Hence the District Court did not err in granting leave to amend.

\*     \*     \*     \*

Rule 15(c) embodies the view that plaintiffs should ordinarily have their day in court. But the rule must nonetheless give way to a defendant's right to rest easy after a legislatively determined time, especially when that time is set by a statute of repose.

---

[12] As the analyses for Rule 15(a) and (c) differ, *see Krupski*, 560 U.S. at 553, and the District Court considered only whether to grant SEPTA leave to amend under (a), we do not reach whether each of SEPTA's proposed amendments relates back to its timely filed pleading under (c).

Nevertheless, the right to repose cannot bar the courthouse doors if a defendant never had it. Here, SEPTA brought an action under both the Securities Act and the Exchange Act against all Defendants before the Acts' deadlines. Defendants therefore had no right to repose as long as SEPTA's action was pending. Moreover, the alternative approach would risk locking the doors to plaintiffs who wished to make even the smallest amendment to their timely filed complaints after a repose period expires. Having found little support for this harsh stance in the statutes, the federal rules, or our case law, we decline to adopt it. We accordingly affirm the District Court's order granting SEPTA leave to amend.