**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1245
_____

PERIRX, INC., a Pennsylvania Corporation formerly known as
PERIRX, LLC, a Pennsylvania Limited Liability Company,
Appellant

v.

THE REGENTS UNIVERSITY OF CALIFORNIA, a California corporation;
EZ LIFE BIO INC., a California corporation; ARURAS HOLDINGS, LLC,
a Nevada Limited Liability Company; DAVID T. WONG, D.M.D., D.M.Sc.,
an individual; RNAMETRIX, INC., a Delaware corporation
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-20-cv-02212)
District Judge: Hon. Joshua D. Wolson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(January 26, 2023)

Before: HARDIMAN, KRAUSE, and MATEY, *Circuit Judges*.

(Filed: January 31, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

PeriRx appeals the District Court's order dismissing its tort claims against the Regents of the University of California, David Wong, and RNAmeTrix, Inc. (RNA). PeriRx also appeals the summary judgment for the Regents and RNA on its breach of contract claims. For the reasons that follow, we will affirm.

I

Dr. David Wong, a professor at the University of California, Los Angeles, founded RNA as an intellectual property holding company to commercialize his medical inventions. In December 2010, the Regents licensed to RNA patent rights for certain diagnostic technologies invented by Wong. The licensing contract between the Regents and RNA (the UCLA Agreement) allowed RNA to sublicense the patent rights to third parties. Three days after the UCLA Agreement took effect, RNA exclusively sublicensed certain patent rights to PeriRx (the PeriRx Sublicense).

In March 2019, the Regents terminated the UCLA Agreement, which effectively terminated PeriRx's sublicense rights. Section 3.5 of the UCLA Agreement addressed the status of sublicensees upon the Agreement's termination:

> If this Agreement is terminated for any reason, then upon the request of each Sublicensee, The Regents agree to enter into a license agreement with such Sublicensee(s) (each, a "New License Agreement"), the terms of which license agreement shall be substantially similar to the terms of the Sublicense granted by [RNA] to such Sublicensee . . . . The Regents further agrees that each Sublicense granted by [RNA] hereunder shall survive through the effective date of the New License Agreement.

App. 221. The Regents offered PeriRx a direct license before the termination of the UCLA Agreement, but the parties did not reach an agreement.

PeriRx sued the Regents, RNA, Wong, and two unrelated companies. PeriRx brought a third-party beneficiary claim against the Regents for breach of the UCLA Agreement and sued Wong and RNA for breach of the PeriRx Sublicense. PeriRx also sued the Regents for tortious interference with contractual relations and sued Wong and RNA for intentional interference with prospective economic advantage.

The Defendants moved to dismiss all claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted in part and denied in part the motion, dismissing all tort claims and all claims against Wong but allowing PeriRx to pursue its contract claims against the Regents and RNA. In dismissing the tort claims, the District Court considered several actions alleged by PeriRx: (1) the Regents and RNA failing to enforce patent rights; (2) Wong advising potential investors or partners that PeriRx did not have patent rights; (3) the Regents licensing certain patent rights to Aruras Holdings, LLC while the PeriRx Sublicense was still in effect; and (4) the Regents, RNA, and Wong conducting a patient study and seeking a competing patent. The District Court held each allegation failed to state a claim: the first because it was an act of omission, not commission; the second because it lacked sufficient specificity; and the final two because they were time-barred. The Court later granted PeriRx leave to amend.

PeriRx filed an Amended Complaint, asserting only contract claims. The District Court eventually granted summary judgment to the Regents and to RNA on those claims. It reasoned that even if PeriRx were a third-party beneficiary under the UCLA Agreement, it could not recover under Section 3.5 because the Regents offered PeriRx a new license prior to terminating the UCLA Agreement. And the Court rejected PeriRx's

3

arguments as to RNA's alleged breach of the PeriRx Sublicense because PeriRx based its arguments on either factual allegations not included in the Amended Complaint or conduct unrelated to RNA. PeriRx timely appealed.[1]

II

We first address whether the District Court erred in dismissing PeriRx's tortious interference with contractual relations claim against the Regents or its intentional interference with prospective economic advantage claim against RNA and Wong.[2] PeriRx's arguments on appeal as to both tort claims suffer from the same flaw: they are not based on the Complaint or other materials before the District Court at the time it dismissed the relevant claims. Instead, PeriRx relies on the summary judgment record to argue that it stated plausible tort claims. But the summary judgment record was developed in connection with the contract claims *after* the tort claims were dismissed.[3] Because these materials were not before the District Court when it dismissed the tort

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

[2] Appellees argue that because PeriRx failed to replead the tort claims in its Amended Complaint, it waived its challenge to the District Court's dismissal order. We disagree because dismissal was based in part on a legal barrier—the statute of limitations—and because "doubt should be resolved *against* the party asserting waiver" in this context. *Est. of Roman v. City of Newark*, 914 F.3d 789, 803 (3d Cir. 2019) (emphasis in original) (citation and alteration omitted).

[3] PeriRx stresses that "[d]iscovery in this matter shed much light on" its tort claims. PeriRx Br. 40. But if that's true, PeriRx should have sought leave to amend its Amended Complaint to replead the tort claims rather than wait to highlight the new information on appeal. *See SEPTA v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 345, 349 n.9 (3d Cir. 2021) (allowing amendment to include dismissed claims after discovery revealed new facts).

4

claims, we cannot consider them. *See Est. of Roman v. City of Newark*, 914 F.3d 789, 797 (3d Cir. 2019).

Beyond contending that the summary judgment record includes evidence that suggests it *could have* stated a claim, PeriRx makes no argument that the Complaint *actually did* state a tort claim against any defendant. So we will affirm the District Court's order dismissing those claims. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017) ("To be preserved, all arguments must be supported specifically by 'the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'" (quoting Fed. R. App. P. 28(a)(8)(A)). Because we affirm the dismissal of PeriRx's tort claims, we need not consider its arguments for vicarious tort liability.

## III

PeriRx also challenges the summary judgment for the Regents on PeriRx's third-party beneficiary claim. PeriRx contends on appeal that the Regents breached Section 3.5 of the UCLA Agreement (1) by unilaterally terminating PeriRx's rights under the PeriRx Sublicense, and (2) by failing to negotiate in good faith a new license with PeriRx.

As to the first theory, PeriRx argues that the Regents breached Section 3.5 by unilaterally terminating the UCLA Agreement, and with it PeriRx's rights under the PeriRx Sublicense, without first entering into a license with PeriRx. PeriRx insists time and again that the termination breached Section 3.5's requirement that sublicenses issued by RNA "shall survive through the effective date of the New License Agreement." App. 221; PeriRx Br. 15, 18, 20, 24, 29; Reply Br. 1, 8–12. But PeriRx's theory differed before

5

the District Court, where it argued that the Regents breached Section 3.5 by "not providing a substantially similar [license] agreement" to PeriRx. Supp. App. 260, 569. That argument relied on a different provision within Section 3.5, which states, "[t]he Regents agree to enter into a license agreement with . . . Sublicensee(s) . . . , the terms of which license agreement shall be substantially similar to the terms of the [initial sublicense agreement]." App. 221, Supp. App. 255–56. Indeed, PeriRx did not mention the "shall survive" language at any point in its District Court briefing. It therefore forfeited this argument. *See United States v. Joseph*, 730 F.3d 336, 342 (3d Cir. 2013) ("[T]he argument presented in the Court of Appeals must depend on both the same legal rule and the same facts as the argument presented in the District Court.").

PeriRx's second theory fares no better. It contends that if we consider Section 3.5 an agreement to negotiate, then the Regents breached it by failing to negotiate in good faith. But PeriRx expressly disavowed this theory in the District Court, arguing "an agreement to negotiate . . . does not exist here." Supp. App. 569. The intentional relinquishment of this argument was waiver. *See Barna*, 877 F.3d at 146 & n.7.

Because PeriRx failed to preserve the breach-of-contract arguments it raises on appeal, we will affirm the summary judgment for the Regents.[4]

*     *     *

---

[4] PeriRx does not challenge the summary judgment for RNA on the contract claims in its Statement of Issues and makes only passing reference to RNA's alleged breach of the PeriRx Sublicense in the rest of its brief. So it forfeited any challenge to that ruling as well. *See United States v. Jackson*, 849 F.3d 540, 555 n.13 (3d Cir. 2017); *Kopec v. Tate*, 361 F.3d 772, 775 n.5 (3d Cir. 2004). Therefore, we need not address PeriRx's argument that the Regents is liable for RNA's alleged breach under an alter-ego theory.

For the reasons stated, we will affirm the orders of the District Court.